E. D. MURPHY v. J. W. HILTIBRIDLE, Appellant.

**Credibility of witnesses:** BY WHOM DETERMINED. Where the immediate parties to a transaction are the only witnesses the question of their credibility is for the jury and its conclusion will be regarded as final.

**Pleadings:** PREJUDICE. Where an amendment is stricken and the same issues are raised by a subsequent pleading the ruling, if erroneous, is without prejudice.

**Brokers:** COMMISSION ON SALE OF LAND. Where a real estate broker, handling land for others, agreed to pay plaintiff a commission on all lands sold to persons whom he should introduce or induce to buy, plaintiff was entitled to his commission on lands sold to persons introduced by him, even though the contracts of sale were executed by a firm of which defendant was a member and subsequently conveyed by other parties.

**Instructions:** PREPONDERANCE OF EVIDENCE. Where there is a general instruction that the plaintiff has the burden of establishing defendant's liability by a preponderance of the evidence, it is not necessary to repeat this instruction in each subsequent paragraph submitting particular issues, where the court in connection with each indicates on whom the burden rests.

**Action for commissions:** INSTRUCTION. An instruction in relation to the manner in which a real estate agent must have sold the lands to render him liable for commissions to another agent, under his agreement to pay the same, is held sufficiently definite.

**Instructions:** ASSUMPTION OF FACTS. An instruction assuming certain facts regarding which there is no controversy is not erroneous.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

THURSDAY, OCTOBER 25, 1906.

ACTION to recover commission on sale of land. Judgment was entered as prayed. The defendant appeals. *Affirmed.*

*Baker & Ball,* for appellant.

*Ranck & Bradley,* for appellee.

LADD, J.— The defendant resided at Miller, S. D., where he was engaged in the real estate business. He was in search of prospective purchasers of South Dakota land in Johnson county, this State, and in pursuance of this mission, either proposed, as alleged in the petition, that, if plaintiff would introduce to him persons desiring to buy South Dakota land, he would pay him $1 per acre on all land such persons purchased; or, as contended by defendant, that he would pay such commission on land sold to any one whom plaintiff would induce to buy. The plaintiff accepted the proposition as made.

The parties were the only witnesses to the transaction, and appellant insists that, as they were of equal credibility,

the verdict should have been for the defendant. But were

**1. Credibility of witnesses: by whom determined.** they of equal credibility? That was for the jury to determine, and its conclusion must be regarded as final. The defendant testified that the agreement was canceled prior to the sales in controversy, but the plaintiff denied this, and again the question of veracity was for the jury to decide.

The first amendment to the answer, denying sales to Sheets and Donahue, and the portion of the answer so alleging and that these were made by the Ree Valley Land

**2. Pleadings: prejudice.** Company, were stricken on motion. Even were this erroneous, the same issues were raised by the second amendment, which denied that either of these persons ever purchased land of defendant individually or as agent, and the ruling was without prejudice.

Sheets bought three hundred and twenty acres of land in South Dakota, and Donahue bought one hundred and sixty acres. That plaintiff introduced Sheets to defendant

**3. Brokers: commission on sale of land.** is not disputed, and the circumstances were such as to support a finding that, owing thereto, he went with defendant to South Dakota for the purpose of examining lands had for sale by him. The plaintiff had gone with him to Sheets' farm and assisted in negotiating a trade, had stopped with Sheets to see defendant on their return from Canada, and had traveled with them in examining land. True, the defendant was not able to procure conveyances of that then selected, and Sheets was compelled to return to South Dakota a second time to select another tract; but the negotiations begun at the farm for the exchange of the stallion of Sheets for land was finally consummated in the purchase of the last tract selected, so that it might well be said that it was through the plaintiff's efforts that this purchaser was found. Whether Donahue was found by plaintiff is in dispute. He testified that the plaintiff first made him acquainted with defendant, advised him of his business, and that the defendant then talked with him of his lands, and that he subsequently accompanied defendant with others to

South Dakota, and while there purchased one hundred and sixty acres. This is corroborated by other evidence, and might well have been accepted by the jury, notwithstanding defendant's claim that he was first introduced to Donahue by one Donovan.

It appears, however, that the contracts of sale to these purchasers were signed by the Ree Valley. Land Company, a copartnership composed of Louis Shuster, W. L. Halbower, and the defendant, though the lands were subsequently conveyed by the owners. On this ground defendant interposed the specious defense that, as the sale was effected by the firm, he did not make it, and therefore cannot be held for the commission. The amendment to the petition alleged that the sale was to be made by or through the defendant, and the plaintiff testified that it was agreed that, if the people he introduced bought land, the defendant would pay the commission. There was no understanding as to the methods to which defendant should resort in effecting sales. It was understood that he was handling lands of others, either by means of options to buy, or as agent. If, then, the Ree Valley Land Company had owned the tracts these parties purchased, the sales were through defendant as member of the firm, for the members of a partnership act as agents in the prosecution of its business. If'the company was not the owner, but merely acting as the agent of others in the sale, the defendant is equally liable for them. Though the sale may have been consummated by the company, it was done through him. These men accompanied him to South Dakota to examine land he undertook to show them, and, even though the contracts of sale were executed by this firm, the jury was warranted in concluding that this was at his instance, and that the sale was made by him in the sense understood by the parties entering into the agreement with reference to plaintiff finding purchasers.

Several instructions are criticised for not requiring proof of the particular issue involved by preponderance of the evidence. Each indicated upon whom was the burden

of proof, and a previous paragraph had stated that such burden was upon the plaintiff to establish defendant's liability by a preponderance of the evidence. We are of the opinion that the jury understood the degree of proof exacted; but, even if this were not so, the defendant cannot complain, in the absence of a request for a more specific statement of the law.

**4. INSTRUCTIONS: preponderence of evidence.**

Another criticism is that the court nowhere advised in what manner defendant must have sold the land in order to be come liable. The fifteenth instruction was, in part, that: " If you find that said purchasers went to Hand county, S. D., by reason of the introduction to Hiltibridle, and for the purpose of examining the lands which the said Hiltibridle had for sale, and for the purpose of dealing with him, and if you find the said Hiltibridle participated in the conduct of the business resulting in the sales, then you will find said sales were made by Hiltibridle within the terms and meaning of the contract." This was sufficiently definite.

**5. ACTION FOR COMMISSIONS: instruction.**

It is said that there is no evidence connecting the trip to South Dakota with the introduction by plaintiff. This might be inferable from the facts proven to which attention has heretofore been directed.

One instruction is criticised for assuming that sales were made, but there was no controversy as to that issue. The exceptions to the rulings on the admissibility of evidence are not much argued, though we have considered them and discovered no error.

**6. INSTRUCTIONS: assumption of facts.**

No error appearing in the record, the judgment is *affirmed.*