(No. 12444.—Reversed and remanded.)

LUDWIG SPRENZEL, et al. Appellees, vs. CHARLES R. A. WINDMUELLER, Appellant.

*Opinion filed December 18, 1918—Rehearing denied Feb. 17, 1919.*

1. EASEMENTS—*when easements are included by implication in grant.* The owner of land who divides it and sells one part, by implication includes in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form they were at the time he transferred the property.

2. EJECTMENT—*defendant may prove, under general issue, anything to defeat the plaintiff's title.* The effect of section 19 of the Ejectment act is to permit the defendant to prove under the general issue anything which he can to defeat the title of the plaintiff.

3. SAME—*what proof is competent in ejectment.* In ejectment to recover "the west one foot of lot 27" in a certain block and addition, the defendant, who owns lot 28, may prove under the general issue that both lots were at one time owned by one person, who built a three-story building on lot 28 projecting one foot over on the west side of lot 27, and that before he conveyed lot 27 to the plaintiff he had conveyed to the defendant lot 28, together with the building thereon.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

OTTO W. ULRICH, (MORTON T. CULVER, of counsel,) for appellant.

CHARLES R. WHITMAN, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellees, Ludwig Sprenzel and Katherena Sprenzel, recovered a judgment in ejectment in the circuit court of Cook county against Charles R. A. Windmueller, appellant. The action was brought to recover possession of the west one foot of lot 27, block 8, S. E. Gross' Unter Den Linden addition to Chicago. Appellant filed the general issue to the declaration. Appellees made affidavit that they claimed title through a common source with appellant from Ludwig Adolph Grimme, and introduced in evidence a general warranty deed dated October 10, 1914, from Grimme to them, conveying lots 26 and 27 in said block 8, and rested. Appellant introduced in evidence a general warranty deed from Grimme, dated December 1, 1909, conveying "lot 28 in block 8 in S. E. Gross' Unter Den Linden addition to Chicago, together with the three-story stone-and-brick house situated thereon, and all other improvements of whatsoever kind and nature thereon, and commonly known as No. 3058 West Belmont avenue, situated in the city of Chicago, in the county of Cook, in the State of Illinois." Appellant then offered to prove that lot 28 was improved by a three-story brick building which had been erected by Grimme at the time he owned the three lots 26, 27 and 28, and that the east wall of said building projected over on lot 27 to the extent of one foot. The court sustained objections to this line of proof, evidently upon the theory that it was not proper under the general issue. The court was in error in sustaining objections to this evidence. Under the general issue appellant was entitled to make any proof he could to defeat the title of appellees. Such, in effect, is the provision of section 19 of the Ejectment act.

It was proper for appellant to prove, if he could, that at the time Grimme owned both lots 27 and 28 he erected this building on lot 28 with a projection of one foot on lot 27, in order to show that when appellant acquired title to lot 28 he also acquired an easement in that portion of lot 27 upon which the east wall of the building rested for its support. Where the owner of land divides it and sells one part, he by implication includes in his grant all such easements in the remaining part as are necessary for the reasonable enjoyment of the part which he grants, in the form they were at the time he transferred the property. (*Morrison* v. *King,* 62 Ill. 30; *Ingals* v. *Plamondon,* 75 id. 118; *Cihak* v. *Klekr,* 117 id. 643; *Martin* v. *Murphy,* 221 id. 632; *Powers* v. *Heffernan,* 233 id. 597; *Adams* v. *Gordon,* 265 id. 87.) If the building was constructed, as appellant attempted to prove, with its east wall resting upon lot 27, it was certainly necessary for the reasonable enjoyment of lot 28, which Grimme conveyed to appellant, that appellant acquire an easement in that portion of lot 27 upon which the east wall of the building rested. The location of the building was open and apparent, and it was not necessary that any special mention or conveyance of the easement be made in the deed to appellant of lot 28. (*Ingals* v. *Plamondon, supra; Martin* v. *Murphy, supra.*) Appellees had notice from the record that Grimme was the owner of both lots 27 and 28 prior to his conveyance to appellant, and they had notice of appellant's easement in lot 27 at the time of their purchase from Grimme, as they were bound to take notice of the location of the lot lines and of the situation of this building.

The judgment of the circuit court is reversed and the cause remanded. *Reversed and remanded.*