## WESTON v. WHITAKER.

No. 14802—Opinion Filed April 1, 1924.

Rehearing Denied June 10, 1924.

(Syllabus.)

1. **Pleading—Petition—Real Estate Actions —Necessity for Attaching Copies of Evidence of Title—Easement as Issue.**

The failure of plaintiff to attach, to his petition for the recovery of real estate, copies of his evidence of title, as required by section 467, Comp. Stat. 1921, does not constitute reversible error, where the defendant files a cross-petition asserting an easement in said property granted to him by plaintiff's grantor, and a reply was filed by plaintiff alleging that the easement had been extinguished and the case proceeded to trial on the question of the existence of the easement, and no other question of title was involved in the case.

2. **Easement—Extinguishment.**

An easement, which is granted for a definite purpose, is extinguished when the purpose, reason, and necessity for which it was granted has ceased.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by John P. Whitaker against Samuel Weston. Judgment for plaintiff and defendant brings error. Affirmed.

W. A. Scofield, for plaintiff in error.

R. Y. Nance, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error against the plaintiff in error for the recovery of possession of a portion of the west 14 feet of lot 2, block 38, Stillwell, which was occupied by a building belonging to the plaintiff in error. The parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The defendant filed a motion to require the plaintiff to make his petition more definite and certain by attaching thereto the evidence of his title. This motion was overruled, and the defendant assigns the action of the trial court as error. Section 467, Comp. Stat. 1921, requires the plaintiff to attach to his petition copies of his evidence of title in actions for the recovery of real property, and this should have been done in the instant case. The failure to attach the same, however, and the error in refusing to require the plaintiff to attach the same, was rendered harmless because the defendant filed his answer and cross-petition asserting an easement in said property, and attaching copies of the written instrument under which the easement was granted to him by the grantor of the plaintiff. To this answer the plaintiff filed a reply, admitting the execution of the written instruments under which defendant claimed to have an easement, and alleged that the easement had been extinguished because the purpose and necessity therefor no longer existed. The case proceeded to trial on the question of the existence of the easement and no other question of title was involved in the case; hence, no prejudice resulted by reason of the failure of the plaintiff to attach to his petition evidence of title.

It is contended by the defendant that the judgment of the trial court is not sustained by sufficient evidence and is therefore contrary to law. The case was tried on the pleadings and an agreed statement of facts, and it appears therefrom that the defendant was granted an easement in the property in controversy on May 6, 1908, under a written contract; that this easement was granted to the defendant as a necessary appurtenance to certain lots which the defendant purchased from William Whittaker. At the time this easement was granted there was a definite purpose, reason, and necessity for the easement, but about October, 1922, the purposes, reason, and necessity for the easement, for which it was granted, ceased, and the easement was extinguished. Hahn v. Baker, 27 Ore. 166, 13 L. R. A. 158; Shirley v. Crabb (Ind.) 37 N. E. 130; Heartt v. Kruger (N. Y.) 24 N. E. 841.

It is our opinion that the judgment of the trial court should be affirmed, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, HARRISON, and MASON, JJ., concur.