(No. 17581.—Judgment affirmed.)
## Frank Bihss *et al.* Appellants, *vs.* John Sabolis *et al.* Appellees.

*Opinion filed October 28, 1926.*

1. Easements—*an easement arises upon severance and sale of part by common owner.* While no easement can exist in one part of a tract of land over another so long as there is unity of ownership of the whole, the moment a severance occurs by the sale of a part the right of the owner to re-distribute the qualities of the respective portions ceases and easements or servitudes are created corresponding to the benefits and burdens mutually existing at the time of the sale, whether the part retained has the benefit or the burden, as the parties are presumed to contract with reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts.

2. Ejectment—*the existence of an easement is a good defense.* Where the owner of two lots or tracts of land erects on one lot a building a portion of which extends over the boundary between the tracts and subsequently sells the lot on which the building encroaches, the tract sold is burdened with an easement for the possession of that portion occupied by the building, and such easement is a good defense to an action of ejectment brought by the purchasers against the subsequent owners of the lot upon which the building was erected without regard to the doctrine of *estoppel in pais,* as an easement is a legal property right, enforcible at law.

Appeal from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding.

Felsen & Kane, for appellants.

McGlynn & McGlynn, for appellees.

Mr. Justice Heard delivered the opinion of the court:

Appellants brought suit in ejectment against appellees in the city court of East St. Louis to recover a six-and-one-half-inch strip of land on the easterly line of the southwestern fifty feet of lot 80 in block 36, in East St. Louis.

To the declaration appellees filed a plea of not guilty. A jury was waived by agreement and the cause heard by the court. The issues were found for appellees and judgment in bar and for costs was rendered against appellants, and this appeal followed.

There is no dispute as to the evidence in the case. Appellants filed an affidavit of common source of title in Louis Friedburg. On March 4, 1905, he acquired a tract of land which had a frame dwelling thereon. In July, 1907, he purchased an adjoining tract of land which was unimproved. In 1908, while the owner of both tracts, he improved his property by the erection of a cottage, which was all upon the second tract except six and one-half inches, which was upon the tract first acquired, and it is the land upon which this six and one-half inches of the cottage stands that is in controversy in this suit. On March 10, 1921, Friedburg and wife conveyed the first tract to Frank and Mary Norvais, who on July 18, 1923, conveyed the same to appellants. On October 4, 1923, Friedburg and wife conveyed to Sadie Friedburg by metes and bounds a tract of land of which the second tract was a part, who on May 4, 1925, conveyed the second tract to John and Frances Sabolis.

It is contended by appellees that when appellants purchased their tract of land they purchased it burdened with an easement in favor of the owner of the second tract to occupy the six and one-half inches of the first tract upon which the house on the second tract extends. It is contended by appellants that such easement was not created for the reason that Friedburg at the time of the erection of the cottage was the owner of both tracts, and that from its nature a man can never have an easement in his own land. The fallacy in appellants' contention is that this easement was not created at the time of the erection of the cottage but at the time of the sale by Friedburg to Norvais. No easement exists so long as there is a unity of owner-

ship, because the owner of the whole may at any time re-arrange the qualities of the several parts, but the moment a severance occurs by the sale of a part, the right of the owner to re-distribute the properties of the respective por-tions ceases and easements or servitudes are created corre-sponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers, only, but is entirely reciprocal. Hence, if in-stead of a benefit conferred a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with a servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts. *Morrison* v. *King,* 62 Ill. 30; *Cihak* v. *Klekr,* 117 id. 643; *Sprenzel* v. *Windmueller,* 286 id. 411; *Hoepker* v. *Hoepker,* 309 id. 407.

It is contended by appellants that while appellees might obtain relief in equity by injunction, bill to correct a mis-take in a deed, or otherwise, in an action of ejectment only legal titles and legal defenses are heard and only legal re-lief is granted, and that the doctrine of *estoppel in pais* can not be made available in this action. There is here no question of equitable relief and no attempt to enforce the doctrine of *estoppel in pais,* which is not a defense in an ejectment suit. (*City of Amboy* v. *Illinois Central Rail-road Co.* 236 Ill. 236.) When Friedburg sold to Norvais the first tract became burdened with a servitude as to the six and one-half inches in question and the second tract became clothed with a corresponding easement by implica-tion. While appellants have the legal title to the premises in question and cannot be divested thereof by appellees, the premises are subject to an easement in favor of the second tract. This easement is a legal property right, (9 R. C. L. 736,) enforcible at law, (9 id. 819,) trans-

ferable by deed with the real estate to which it is appurtenant, whether mentioned in the deed or not, (*Clarke* v. *Gaffeney,* 116 Ill. 362; *Gulick* v. *Hamilton,* 287 id. 367; *Feitler* v. *Dobbins,* 263 id. 78;) and recognized as a means of defense to a suit in ejectment. *Sprenzel* v. *Windmueller, supra;* ·*Clarke* v. *Gaffeney, supra.*

Appellants were not entitled to recover in this suit, and the judgment of the city court is therefore affirmed.

*Judgment affirmed.*