**WAKEN et al. v. GILLESPIE.**

No. 20465. Opinion Filed Nov. 10, 1931.

Dyer, Smith & Crowley, for plaintiffs in error.

Simons, McKnight, Simons & Mitchell, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garfield county in favor of the defendant in error, who was the plaintiff therein, against the plaintiffs in error, who were the defendants therein. The parties hereinafter will be referred to as plaintiff and defendants.

The action was to enjoin the defendants from making changes in an interior partition wall in a building that had been constructed on a lot owned by the plaintiff and a lot owned by the defendants. The trial court heard the evidence and, by the agreement of the parties, viewed the premises. The trial court granted the injunction prayed

for. The defendants here contend that the the judgment of the trial court is not sustained by sufficient evidence and that it is contrary to law.

"In an equitable action the findings of the trial court should be sustained unless it appears that his findings are clearly against the weight of the evidence. The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say in equity and in good faith that the conclusions reached by the trial court are clearly against the weight of the evidence." Baldridge v. Zigler, 103 Okla. 219, 229 P. 831.

The record in this case shows the evidence to be conflicting, but we cannot say that the judgment of the trial court is against the clear weight of the evidence.

What we consider to be the correct rules are stated in Bihss v. Sabolis, 322 Ill. 350, 153 N. E. 684. Therein it was contended that an easement was not created for the reason that, at the time of the erection of the building, the two lots were owned by the same owner, and "that from its nature a man can never have an easement in his own land." The court said, "The fallacy in appellants' contention is that this easement was not created at the time of the erection of the cottage, but at the time of the sale by Friedburg to Norvais," and that:

"No easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts, but, the moment a severance occurs by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases and easements or servitudes are created corrsponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence, if instead of a benefit conferred a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with a servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts. Morrison v. King, 62 Ill. 30; Cihak v. Klekr, 117 Ill. 643, 7 N. E. 111; Sprenzel v. Windmueller, 286 Ill. 411, 121 N. E. 805; Hoepker v. Hoepker, 309 Ill. 407, 34 A. L. R. 227, 141 N. E. 159."

See also, Kane v. Templin (Iowa) 138 N. W. 901.

Under the facts shown by the record in this case, the interior arrangement of this building was about to be changed by the defendants so as to interfere with long-existing rights of the plaintiff, and the defendants, having purchased one of the lots upon which the building had been constructed, are charged with knowledge of the burden on their property, which was open and visible at the time of their purchase. They purchased the property with reference to its condition at the time of their purchase, and they have no right to alter the visible arrangements thereof so as to change materially the relative value of the part of the building owned by the plaintiff.

The judgment of the trial court is not contrary to law, and it is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, SWINDALL, and KORNEGAY, JJ., concur. HEFNER, CULLISON, and McNEILL, JJ., absent.

Note.—See under (1) 2 R. C. L. 202, 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title "Appeal," § 172.