**JOHNSON v. WHELAN et al.**

No. 24118.    March 26, 1935.

Warren K. Snyder, for plaintiff in error.

L. D. Threlkeld, for defendants in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county. Parties will be referred to as they appeared in the trial court.

Plaintiffs and defendant own adjacent lots in Oklahoma City. Plaintiffs own the west lot and defendant the east lot. Both lots face the north, and in 1908 were improved with substantial residential buildings on the northerly portion and smaller buildings to rear on the south. In 1908, one Binns owned the west lot and one Collet the east lot. These owners jointly constructed a concrete paved driveway on their medial line, from the street on the north to small buildings on the rear, each furnishing half of the expense. Apparently each intended to furnish half the ground for the seven-foot driveway. However, a survey in 1931 showed some six or nine inches more on the east than on the west lot. No writing was executed by either owner, nor by subsequent owners, granting to the other any rights or privileges in the lot of the other.

In 1919, plaintiffs purchased by warranty deed, containing the usual appurtenance clause, the lot to the west. In 1921, defendant purchased the east lot. There were other owners of each lot between the builders of the pavement and the plaintiffs and defendant. At no time, however, was the ownership in one person. At all times the driveway has been used jointly by the occupants of the two lots. In 1931, defendant built an additional strip of pavement on her side, and threatened to construct a wall or fence along the lot line, which would have left insufficient room for a driveway between the house of the plaintiffs and the property line. Plaintiffs brought this suit to enjoin the defendant from interfering with their use of the driveway. Upon the trial the court granted a permanent injunction, prohibiting defendant from interfering with the driveway.

Defendant brings the case here and contends that plaintiffs have shown nothing but a mere license to use of that portion of the driveway on the defendant's lot, and that a mere parol license cannot ripen into an easement.

While it may be true, as contended by defendant, that mere permissive use of a way over the lands of another, however long indulged in, will not ripen into an easement, for the reason that such use bears no element of adverse claim, yet we cannot agree that in this case there was no adverse claim. Each owner, after the driveway was paved, was by his use thereof asserting an adverse right in the portion of the way laying on the other's land. And this use, having continued for more than 15 years, raises the presumption of an easement which is appurtenant to the other lot.

To our view, the correct rule applicable to the situation here is laid down in 19 Corpus Juris, at page 902, where it is said:

"While there are some decisions to the contrary, the weight of authority is to the effect that, where adjoining proprietors lay out a way or alley between their lands, each devoting a part of his own land to that purpose, and the way or alley is used for the prescriptive period by the respective owners or their successors in title, neither can close the part which is on his own land; and, in these circumstances, the mutual use of the whole of the way or alley will be considered adverse to a separate and exclusive use by either party. However, where the owners of land used an alleyway for their mutual convenience, the user being occasional, permissive, and for broken periods of time, no right of way in the alley was established by prescription."

A case very much like the one before us is Barnes v. Haynes, 13 Gray (Mass.) 188, 74 Am. Dec. 629, from which we take the syllabus:

"Grant of an easement in that portion of a passageway between adjoining lots of land which lies upon the lot of the other owner will be presumed in the owner of each lot, where the way which extended from a street along and upon the dividing line between the lots and was the only means of access to the back part of either, was used uninterruptedly for 20 years by the owners of both

lots, witthout limit, restriction, interruption or objection, or any claim or right, except what might be implied from such use, and no mention of any right of way was made in any of the conveyances of any of the lots for a much longer time."

See, also, the following cases: Thompson v. Easley (Ga.) 13 S. E. 511; Murphy v. Hiltbridle (Iowa) 109 N. W. 471; Clark v. Henckel (Md.) 26 Atl. 1039; Jensen v. Showalter (Neb.) 113 N. W. 202; and Rhea v. Forsyth, 37 Pa. 503, 78 Am. Dec. 441, and Thompson, Real Property, sec. 468.

The judgment of the trial court will, therefore, be affirmed.

The Supreme Court acknowledges the aid of Attorneys T. L. Blakemore, John R. Miller, and F. A. Speakman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Blakemore and approved by Mr. Miller and Mr. Speakman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.