## GRIFFIN v. DWYER.

No. 27568.  Sept. 21, 1937.

Rehearing Denied Oct. 19, 1937.

Melton, McElroy & Vaughn, for plaintiff in error.

Hatcher & Bond, for defendant in error.

PER CURIAM. This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to obtain the cancellation of certain provisions of a contract creating easements upon properties located in the city of Chickasha. The cause was tried in equity and a decree was entered granting in part the relief sought. Both parties filed motions for new trial, but the defendant alone appeals. In 1901 the then owner of the premises involved entered into a contract whereby certain easements were created for the purpose of enabling them to improve their separate properties to their mutual advantage. In the aforesaid contract the following provision was made with reference to the upper story of the building erected on the lot which was subsequently acquired by the plaintiff, to wit:

"The said upper story of said building shall consist of one (1) room to be fifty (50) feet wide and one hundred (100) feet long, to be used jointly by the parties hereto for an opera house and such other purposes as all parties hereto may mutually agree upon."

Under the aforesaid provision, an opera house was constructed on the upper story of the building and the lot on which this building was erected was subsequently acquired by the plaintiff and the other lot involved in the contract was subsequently acquired by the defendant.

The disputed question in the trial court was whether the purpose, reason, and necessity which gave rise to the above provision of the contract and the easement thereunder had ceased. The evidence clearly established the fact, and it is conceded by the defendant, that the use of the upper room on the plaintiff's premises for opera house purposes ceased sometime between 1909 and 1911, and that at that time the equipment therein was divided between the owners, and that the premises were thereafter rented for various purposes until January, 1933; that the property had not been kept in repair and at the time of the last-named date had deteriorated to such an extent that it was practically impossible to use it for any purpose without the expenditure of a considerable sum in repairs, remodeling, and reconstruction, and that the parties were unable to reach any

satisfactory mutual agreement with respect to the repair and management of said property. As said in Weston v. Whitaker, 102 Okla. 95, 226 P. 1034:

"An easement, which is granted for a definite purpose, is extinguished when the purpose, reason and necessity for which it was granted has ceased."

The sole contention of the defendant is that the judgment of the trial court is without sufficient evidence to support it and is contrary to law, and the only authority cited in support of this contention is 19 C. J. p. 942. This being an equity case, we have carefully read the entire record and are of the opinion that the evidence fully supports the trial court's finding that the purpose, reason, and necessity which gave rise to the easement had long since ceased, and that the judgment of the trial court is not against the clear weight of the evidence. Under these circumstances this court will not disturb the judgment. Bradford v. Jones, 170 Okla. 636, 41 P. (2d) 857.

Judgment affirmed.

OSBORN, C. J., and RILEY, PHELPS, HURST, and DAVISON, JJ., concur.