LEESON et ux. v. BROOKS et al.

No. 32857.  Sept. 16, 1947.

*184 P. 2d 762.*

Wheeler & Wheeler, of Tulsa, for plaintiffs in error.

Richard K. Harris, of Bartlesville, and Mildred Brooks Fitch, of Tulsa, for defendants in error.

DAVISON, V.C.J.   In this action, plaintiffs seek an injunction to prevent the closing of a road over land owned by the defendants.

Plaintiffs own a ten-acre tract of land, adjacent to defendants' property, upon which is a house, constructed in 1934 by plaintiffs' grantor, at a time when both parcels were owned by the defendants.   This particular ten acres is bounded on the east, south and west by defendants' land.   On the east boundary of defendants' land is a public road running north and south and another is on the west.   At the time the above mentioned house was built, defendants had a private road across their land, extending from the east boundary to a field in the northwest corner, south of the ten acres. Plaintiffs' grantor opened a wagon trail from this road to his house for the purpose of bringing in building material and stove wood.   His farm products were hauled out over another road to the county road on the west.

This former owner was a brother of one of the defendants and a son of the other and he used the east part of the private road only occasionally, from the time the house was built until he sold to plaintiffs; the principal means of ingress and egress being the west route. Five years after building the house, he acquired title to the land now owned by plaintiffs, but nothing was said by anyone about the road in question, although he continued to make some use of it.

He sold the property to plaintiffs, some five years later, in 1944, and they made constant use of the road, even to the extent of having the county do some grading on it, until shortly before this action was begun in 1946.   The testimony is in sharp conflict as to what was said and done about the road, at the time of plaintiffs' purchase. Plaintiffs contend that their grantor and one of the defendants assured them the road could be used as long as they owned the property and that their grantor, at the time of his purchase, acquired by implied grant, an easement across defendants' land over this east road, which passed to them by their deed.   It was not mentioned in either conveyance.

Defendants contend that nothing was said about the road to either plaintiffs or their grantor except that one of the defendants told plaintiffs they could use the road as long as all parties "got along". That they had not conveyed an easement, either actually or by implication. Plaintiffs' use of the road was much more than that of their grantor, and, when differences arose between them and defendants, resulting in the road being closed by the defendants, this action was brought. Plaintiffs have appealed from the judgment denying the injunction.

Although two propositions are argued, the sole question presented is whether or not the defendants, by their deed to plaintiffs' grantor, conveyed by implication an easement for a right of way across their land. The elements necessary to create an easement by implied grant are discussed in Rees et ux. v. Drinning et al., 64 C.A. 2d 273, 148 P. 2d 378, wherein the California court interpreted a state statute declaratory of the common law, by using the following language:

"The elements necessary to create an 'easement by implied grant' are a separation of the title, before separation takes place the use which gives rise to easements must be so long continued and so obvious as to show that it was intended to be permanent, and easement must be reasonably necessary to the beneficial enjoyment of land granted."

To the same effect is the quotation in Berlin et al. v. Robbins et ux., 180 Wash. 176, 38 P. 2d 1047:

" 'Where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which, at the time of the severance, is in use, and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use.' "

This court has discussed the proposition in Haas et al. v. Brannon, 99 Okla. 94, 225 P. 931, and Spellman et al. v. Sherry, 181 Okla. 174, 72 P. 2d 793, in which cases there was not a common ownership of the dominant and servient estates, and in Waken et al. v. Gillespie, 153 Okla. 78, 4 P. 2d 1028, and Curry et al. v. Southwall Corp., 192 Okla. 590, 138 P. 2d 528.

In the Waken v. Gillespie Case, supra, the doctrine was recognized in the following words:

" . . . The moment a severance occurs by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases and easements or servitudes are created corresponding to the benefits and burdens mutually existing at the time of the sale. . ."

However, the burden of proving that a purchaser acquired more than his deed describes, and thus that he comes within the rule, rests upon him, and, as said in Rees v. Drinning, supra:

"Whether the driveway was laid out by the owner of both lots prior to severance of title, whether there was an obvious and permanent driveway at the time of severance, and whether or not its location had been changed were questions of fact for the determination of the trial court. . ."

The evidence herein is conflicting upon all points essential to the establishment of an implied grant. The judgment of the trial court is not against the clear weight of the evidence, and in such case this court on appeal will not reverse the same.

The judgment is affirmed.

HURST, C.J., and RILEY, WELCH, CORN, and LUTTRELL, JJ., concur.