KELLER v. FITZPATRICK et ux.

No. 33988. Feb. 27, 1951.

*228 P. 2d 367.*

Everest, McKenzie, Gibbens & Crawford, Oklahoma City, for plaintiff in error.

W. K. Garnett and Chas. H. Garnett, Oklahoma City, for defendants in error.

GIBSON, J. This is an appeal from a judgment of the district court of Oklahoma county in favor of defendants in error, who were plaintiffs, against the plaintiff in error, who was defendant therein. The parties will be referred to as plaintiffs and defendant.

The parties own adjoining lots in block 10, University Place addition to Oklahoma City, which face south on 17th street. The question at issue is the right of plaintiffs to use a driveway on defendant's lot leading from 17th street to the rear. In their original petition plaintiffs alleged the existence of such right by prescription and asked that defendant be enjoined from interfering with the exercise thereof. Thereafter the petition was amended so as to further allege an easement by an implied grant of reasonable necessity. The court held the evidence insufficient to establish an easement through prescription but further held that the evidence was sufficient to establish in plaintiffs an implied easement of way of reasonable necessity for passage thereover and entered its judgment declaring the existence thereof, quieting plaintiffs' title thereto and enjoining defendant from interfering with their use thereof.

The assignments of error are presented under two propositions: one, that the facts negative the existence of a right of way upon the ground of necessity, and, the other, that defendant as purchaser without notice took title free from the burden of such easement.

The principles of the law invoked in support of the contentions are not applicable to the facts of this case and, therefore, as we shall later point out, are not important to the review.

The lots of plaintiffs and defendant are two of the three subdivisions made of original lots 6 and 7 of said block 10. The original lots were each of the width of 82.5 feet and the subdivisions were of the width of 55 feet each. Plaintiffs' lot is the east 55 feet of lot 7, and defendant's lot the west 27 1/2 feet of lot 7 and east 27 1/2 feet of lot 6, and the third lot is the west 55 feet of lot 6. The subdivisions were made and improvements erected thereon more than 30 years ago by G. A. Nichols, Inc., then owner of lots 6 and 7. On each of the three lots there was erected an apartment building and a four-car garage in the rear thereof and about 30 feet distant therefrom. Between the apartments and the garages, and extending throughout the area between the east and west lines of the original lots, there was constructed a paved way or court on which the doors of the garages faced. On each of the three lots and next to the east line thereof there was constructed a paved way which extended from the street to the said court. The way on the east

lot, now owned by plaintiffs, was approximately 7 feet and 8 inches wide except near the center of the apartment where it is reduced to approximately 7 feet and 2 inches by the projection thereon of a chimney of the apartment. By reason of the narrowness of this way, which is aggravated by said projection, the backing of a car over the way from the rear to the street is difficult, to say the least. Because of an outside stairway at the rear of the apartment it is difficult for a car coming in said driveway to turn in order to drive back to the street by that way. It is by reason of these conditions and others that the driveways on the lots were used as the legs of a U, and the practice obtained of going in on the one and out on the other. The evidence reflects that such use began immediately following the erection of the improvements and continued throughout the period of the single ownership of the lots and thereafter until the interruption here involved. And it further reflects that such use and the conditions which made the same necessary to a reasonable enjoyment of the lot owned by plaintiffs were at all times obvious. As mute evidence of the fact that the prior owners contemplated that such use was necessary to the reasonable enjoyment of the east lot, the slab of the driveway on defendant's lot was widened so as to extend approximately 18 inches over the line and on the east lot.

As a statement of the law applicable in such situation, we, in Leeson et ux. v. Brooks et al., 199 Okla. 139, 184 P. 2d 762, quoted from Berlin et al. v. Robbins et ux., 180 Wash. 176, 38 P. 2d 1047, the following:

" 'Where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which, at the time of the severance, is in use, and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership, whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use.' "

In support of the contention that the evidence is insufficient to prove a way of necessity attention is called to the existence of the way upon plaintiffs' lot and that the need to resort to the way on defendant's lot is based upon convenience. And, as authority, there is quoted from Haas v. Brannon, 99 Okla. 94, 225 P. 931, the following:

"No application (implication) of a grant of a right of way can arise from proof that the land granted cannot be conveniently occupied without it; its foundation rests in necessity, not in convenience. A party cannot have a way of necessity through the land of another when the necessary way to the highway can be obtained through his own land, however convenient and useful another (way) might be."

A similar contention was made in Gorman v. Overmyer et ux., 199 Okla. 451, 190 P. 2d 447, wherein we considered and recognized the existence of an easement by implication under a state of facts which involved the principles applicable herein. With reference to the holding in the Haas case and others to like effect, we said:

" . . . We do not think these decisions applicable to the instant case because of the factual differences involved.

"The prevailing rule as to the degree of necessity requisite to the creation of an easement by implication, or quasi easement, is that it be only such as is necessary to the reasonable enjoyment of the property granted."

The basis of such distinction is further elaborated in Fristoe v. Drapeau (Cal. App.) 204 P. 2d 336, 241, as follows:

" . . . An implied easement is to be distinguished from the specific principle under which a way of necessity arises. This because the rule of implied easements presupposes the existence of an obvious servitude or quasi-easement."

The very fact that the servitude is obvious precludes the idea that defend-

ant as purchaser could have taken her lot free from the burden. In Waken et al. v. Gillespie, 153 Okla. 78, 4 P. 2d 1028, we quoted, with approval, the following from Bihss et al. v. Sabolis et al., 322 Ill. 350, 153 N. E. 684, 53 A. L. R. 907:

"No easement exists so long as there is a unity of ownership, because the owner of the whole may, at any time, rearrange the qualities of the several parts, but, the moment a severance occurs by the sale of a part, the right of the owner to redistribute the properties of the respective portions ceases and easements or servitudes are created corresponding to the benefits and burdens mutually existing at the time of the sale. This is not a rule for the benefit of purchasers, only, but is entirely reciprocal. Hence, if instead of a benefit conferred a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with a servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts."

The judgment is affirmed.