WILP et ux. v. MAGNUS et ux.

No. 33970. April 10, 1951.

Rehearing Denied May 1, 1951.

*230 P. 2d 733.*

Owen F. Renegar, Oklahoma City, for plaintiffs in error.

Claud Briggs, Oklahoma City, for defendants in error.

DAVISON, J. This action was filed in the district court of Oklahoma county, Oklahoma, by Joe B. Wilp and his wife, as plaintiffs, seeking to permanently enjoin the defendants, Frank L. Magnus and his wife, from interfering with or bothering plaintiffs in the use of a driveway between the houses of the respective parties. They appear here in the same order as in the trial court.

Block 13, Guernsey Park addition to Oklahoma City, Oklahoma, is bounded on the south by N. W. 27th street and on the west by Dewey avenue. Lots 16, 17 and 18 of said block are each 25 feet wide fronting on 27th street and extending north, parallel with Dewey avenue to the alley. Defendants were the owners of the corner lot 16 and the west or adjacent half of lot 17. Plaintiffs were the owners of the east or

remaining half of lot 17 and all of lot 18. This litigation has its origin in a dispute between the parties over the use of the driveway extending, from 27th street, north between the houses owned and occupied by them. It is located entirely upon the half of lot 17 owned by defendants. These three lots were originally owned by one person who, in June, 1925, sold the east half to plaintiffs' remote grantor and, three months later, sold the west half to defendants' predecessor in title.

Plaintiffs, in their petition, alleged that the boundary line between the respective properties was established as the center line of the driveway and that each owner has occupied his portion thereof in recognition of said line for more than 15 years. That, therefore, plaintiffs are entitled to the unhindered use of the driveway and that defendants should be permanently enjoined from obstructing and interfering with them in such use.

Defendants generally denied the allegations contained in the petition and, in addition, affirmatively alleged the chain of title of each of the owners; that plaintiffs purchased their property with knowledge of the location of the driveway on defendants' lots; that plaintiffs refused to join in a boundary line survey requested by defendants, or to appeal from the findings of the surveyor subsequently establishing the boundary line at the request of defendants. By way of cross-petition the defendants seek to quiet their title and to recover damages to compensate them for the expense incurred in making the survey.

Trial of the case to the court resulted in a judgment denying plaintiffs the relief sought and quieting the title to and boundaries of defendants' property in conformity with the surveyor's report as sought by defendants. From the judgment, plaintiffs have perfected this appeal. For reversal, plaintiffs insist upon the sufficiency of the evidence to sustain their contentions, made in the trial court, and, in addition, insist that the evidence establishes their right to the use of the driveway because of an easement by implication.

All of the methods for establishing a boundary line between adjoining landowners, upon a location different from that described in the conveyances to the respective adjoining owners, are outlined and discussed in the opinion in the case of Lake v. Crosser, 202 Okla. 582, 216 P. 2d 583. Cited therein are previous cases adopting and defining the rules of law controlling in each situation. The record in the case at bar discloses a complete absence of any evidence tending to prove the establishment of a boundary line differing from that set out in the deeds to the parties. Further, no owner of plaintiffs' property is shown to have claimed title to any part of defendants' lots unless it might have been the plaintiffs themselves who had owned the property for only two months at the time of the institution of this action. Therefore, the case does not come within the field of application of any of the rules enumerated in the above-cited case of Lake v. Crosser. Mrs. Fagan, who owned plaintiffs' property for ten years, from January, 1931, until December, 1940, and then deeded it to her daughter who owned it the following six years, appeared as a witness at the trial. She testified that, at that time, she had been informed and understood that the driveway in question was located wholly upon the other property. She also testified that, with that knowledge, she made no claim to, nor did she own or have an interest in, any part of the other property.

In order to establish title by prescription there must be an adverse possession for a period of 15 years as provided by 60 O. S. 1941 §333. The same length of time is necessary to establish a boundary line by possession on the part of one adjoining landowner and acquiescence on the part of the other. Kinkade v. Simpson, 200 Okla. 507, 197 P. 2d 968.

The only other theory upon which plaintiffs could recover would be that of an implied easement. This theory is argued in the briefs although there is considerable doubt that it is within the allegations of the petition.

In order for an easement by implication to exist two elements must be established, i. e.: A unity of ownership of the dominant and servient estates and necessity for such way. Haas v. Brannon, 99 Okla. 94, 225 P. 931. And "the burden of proving that a purchaser acquired more than his deed describes, and thus that he comes within the rule" that gives rise to an easement by implied grant "rests upon him." Leeson v. Brooks, 199 Okla. 139, 184 P. 2d 762.

The record in the instant case discloses that both pieces of property were owned by a single landowner until June, 1925; that the driveway had been constructed at that time, being slightly less than nine feet in width. There is no evidence of the use of the driveway during that unity of title. There is no testimony that there was anything to indicate an apparent servitude. The proof fails entirely to show the establishment or apparent establishment of a dominant and servient estate. The testimony of Mrs. Fagan as above outlined conclusively establishes the fact that no condition of servitude existed during her ten years ownership of plaintiff's property.

Proof of the other necessary element for establishing an easement by implication, that is, necessity, is also lacking. The garage at the north end of the driveway had been torn down and removed, the concrete floor, upon which it formerly rested, was deteriorated and useless and the north end of the driveway itself had so sunk that it was practically useless and the remainder of the driveway was so broken and torn up that it would have to be replaced in order to be usable. On the other side of plaintiffs' house was sufficient unoccupied space on their own lots for a driveway of the same width.

Therefore, the two essential requisites for establishment of an easement by implication were here entirely lacking. In the recent case of Keller v. Fitzpatrick, 204 Okla. 192, 228 P. 2d 367, and in the case of Waken v. Gillespie, 153 Okla. 78, 4 P. 2d 1028, therein relied upon, these requisites were definitely proven. For that reason, the cited cases are not here applicable.

Plaintiffs did not discharge the burden of proof required, as outlined in the case of Leeson v. Brooks, supra, and the trial court was correct in so holding.

The judgment is affirmed.

CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.