COOKSON v. DUKE et ux.

No. 34876.   April 23, 1952.

*243 P. 2d 706.*

John L. Ward and F. J. Lucas, Tulsa, for plaintiff in error.

R. Milton Cowen, Tulsa, for defendant in error.

GIBSON, J. This action involves an easement and right to use a common driveway between and upon the adjoining properties of the parties. Plaintiff commenced the action to quiet title to the west 123 feet of lot 16 in Grandview Place addition to the city of Tulsa, having acquired her title in 1944. Defendants purchased the west 123 feet of lot 17, in the same addition, in 1948. Defendants' property adjoins plaintiff's property on the south.

There is a residence on each property. The concrete driveway, which is the subject of this dispute, is eight feet in width, running along the south side of lot 16 a distance of approximately 88.5 feet to a two-car garage, 16.3 feet in width, built across the lot line on the properties of both parties. From the west end of the lots, and for approximately one-half its length, the driveway is entirely on plaintiff's property, and at that point the drive fans out onto both lots until at the entrance to the garage the driveway is more than 16 feet in width. The record is silent as to when the driveway and garage were built, but it reveals that the driveway was an old, wellworn drive when defendants' predecessor in title purchased lot 17, in 1933. The record is replete with evidence that former owners and the parties to this action treated and used the driveway as a common driveway, for the mutual advantage of adjoining owners or tenants, until the plaintiff's petition was filed in this case on March 15, 1950. There is no evidence of any written grant of an easement to any owner in the chain of title.

Photographs in the case-made show the houses of the parties to be in close proximity to the driveway and to each other, and the record reveals that there is not sufficient space left between defendants' house and their north lot line to permit the building of a driveway entirely on their property.

The trial court rendered judgment for the defendants and decreed that defendants, their successors and assigns were vested with an easement and right of perpetual use of the concrete driveway and garage. The judgment further ordered that both plaintiff and defendants shall have a continual and perpetual easement to the ground upon which the driveway and garage were situated, the south half of the garage remain for the use of defendants and assigns and the north half to plaintiff and assigns, regardless of the location of the garage and driveway with respect to the boundary lines of the properties, and in the event of abandonment of the use, the judgment provided, the land upon which said driveway and garage were located shall revert to the record owners free of the use and easement in said judgment granted. All parties were perpetually restrained and enjoined from interfering one with the other, and with the continuous use and possession of the driveway and garage for all uses and purposes pertinent thereto.

The plaintiff appeals, and the sole proposition argued in her brief is that the judgment was not sustained by the evidence and was contrary to law. Her contention is that the easement given

in the judgment was an easement granted by way of necessity, and cites Thomas v. Morgan, 113 Okla. 212, 240 P. 735, wherein this court held:

"A way of necessity is based upon the presumption of a grant, and will never exist if the two tracts of land are not shown at some time in the past to have belonged to one and the same person."

Plaintiff says that defendants failed in their burden of proof that the two properties were ever owned by the same person.

But in taking this position the plaintiff argues from a false premise. There is testimony given in narrative form, without objection, that these two lots were owned by one person prior to 1933. In fact, it would seem that two successive owners owned both lots, and hence there was a unity of ownership in the chain of title.

The earliest owner of either lot, who testified in this case, was G. W. Vance, who purchased lot 17 (defendants' lot) in October, 1933, at sheriff's sale. The record is silent as to who built the driveway and garage and as to the date of their construction. Vance testified that the driveway was well worn when he purchased the property. The photographs show frame houses of similar construction on the two properties, with the driveway between them. The record would indicate that the houses were built as rental properties with a common driveway and a common garage constructed without regard to the lot lines. The garage is built to extend over the dividing property line onto both lots. In Thomas v. Morgan, supra, cited by plaintiff, we said:

"If one grants a piece of land in the midst of his own, he thereby impliedly grants a way to reach it."

Plaintiff cites Leeson v. Brooks, 199 Okla. 139, 184 P. 2d 762, as authority for her argument that the purchaser of realty, claiming an easement, has the burden of proving the elements necessary to establish such easement.

Therein we cited, with approval, the case of Berlin v. Robbins, 180 Wash. 176, 38 P. 2d 1047, quoting as follows:

"Where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which, at the time of the severance, is in use, and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership whether by voluntary alienation or by judicial proceedings, there arises by implication of law a grant or reservation of the right to continue such use."

Under this record the last common owner of both lots was S. W. Mitchell, who conveyed lot 17 in 1928 and lot 16 in 1930. Testimony was that in 1933 when Mr. Vance purchased lot 17 the driveway was well worn.

A cement driveway is "apparently permanent", and it is an "obvious easement". Its use was reasonably necessary to the fair enjoyment of the purchaser in his use of the common garage.

Plaintiff says that use of the driveway was only permissive, and she testified that she had no objection to its use by the adjoining owner so long as it was not used for business purposes. However, she contended that she desired to fence her lot, and it is apparent that a fence placed on her lot line would destroy the driveway as such.

Defendants place reliance upon Johnson v. Whelan, 171 Okla. 243, 42 P. 2d 882, wherein this court said:

"While the mere permissive use of a way over the land of another will not ripen into an easement, yet one who joins his adjacent landowner in the construction of a paved private way over and along the medial line has given such adjacent owner more than a mere license. Each owner, by use of the driveway, is continuously asserting an adverse right in the portion of the way on the other's lot. And from such use for 15 years, the law raises a presumption of the grant of an easement."

It is true that there is one distinction between the instant case and Johnson v. Whelan, supra, in that the evidence in the present case does not clearly show that the driveway was built by adjacent owners acting together. The trial court found that the driveway and garage were built either while the same person owned both lots or by two separate owners with an intended joint use as a means of utilizing the garage. There is ample evidence to support this conclusion by the trial court.

If the driveway and common garage were constructed while there was a unity of ownership then this case is governed by our rule announced in Gorman v. Overmyer, 199 Okla. 451, 190 P. 2d 447, as follows:

"Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent and apparent nature from the other, and sells the one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.

"The necessity requisite to the creation of an easement by implication is not an absolute necessity, a reasonable necessity being sufficient."

See, also, Keller v. Fitzpatrick, 204 Okla. 192, 228 P. 2d 367.

The servitude of the cement driveway was both permanent and obvious. Without the garage the driveway was of no use to the parties, and without the driveway the common garage on the rear area of the lots was of no value to either party. Testimony of the owners and tenants of defendants' property shows that this had been the situation for 17 years preceding the filing of plaintiff's petition, during which time the driveway had been recognized by the occupants of both lots as an easement for the joint use of the parties.

In her petition plaintiff alleged that the parties and their predecessors had used the driveway as a joint driveway for many years, but further alleged that the use by defendants of that portion which was upon her land had been a use by courtesy, privilege or license. There is no evidence whatsoever of any agreement, express or implied, by any adjoining owners that the use by defendants or their predecessors was to be a use by courtesy, privilege or license.

"* * *the general rule is that proof of an open, notorious, continuous and uninterrupted user for the prescriptive period without evidence to explain how it began, raises a presumption that it was adverse and under a claim of right, or, as is sometimes stated, raises a presumption of a grant, and casts on the owner of the servient tenement the burden of showing that the user was permissive or by virtue of some license, indulgence, or agreement, inconsistent with the right claimed. * * *" 28 C. J. S. Easements, §68, p. 736.

So whether the right of use of the easement arose by reason of its construction by a common owner and was implied in his subsequent deed to one of the lots or if it arose by reason of a joint agreement and construction by adjoining owners, the fact still remains that under the record of this case there was a continuous, open, adverse use by the subsequent adjoining owners, without objection or protest by the owners of either lot, for more than the prescriptive period of 15 years. Upon such proof the burden shifted to plaintiff to establish use by license or privilege. The plaintiff failed to meet the burden of proof cast upon her under the foregoing rule and the trial court was correct in rendering his judgment.

Affirmed.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.