**NOKES v. PADGETT.**

No. 35841.

Supreme Court of Oklahoma.

Oct. 20, 1953.

424

Thad Klutts, Ross Lillard, Wayne E. Wheeling, Oklahoma City, for plaintiffs in error.

Pierce, Mock & Duncan, James W. Shepherd, Oklahoma City, for defendants in error.

CORN, Justice.

In May, 1946, plaintiffs (Hettie B. Nokes and Norma Ruth Baker) acquired title to residence property located at 804 N.E. 11th street, Oklahoma City, Oklahoma. This property, legally described as the west 50 feet of Lot 7, Block 18, Howe's Capitol Addition, is owned and occupied by plaintiffs as joint tenants. Adjoining plaintiffs on the east is a residence at 808 N.E. 11th street, legally described as the east 5 feet of Lot 7, and the west 50 feet of Lot 6, Block 18, Howe's Capitol Addition. In 1947 the defendants acquired title to the latter described property by warranty deed, after having occupied such premises continuously since 1923. Plaintiffs own a 50 foot front extending south from the street, while defendants have 55 feet adjoining on the east.

The west wall of defendants' house is 3½ feet east of their west property line. Between the two residences is a concrete driveway, extending from the street to the garages in the rear of the two properties, the center of which lays on the property line. Approximately 5½ feet of this drive is upon plaintiffs' property, and the remainder is upon defendants' lot. As early as 1923 both residences were served by a double garage, half of which sat upon each lot, at the end of the common driveway. In 1937 the old garage was dismantled to make way for development of an oil well at the rear of the property. A new garage was constructed on plaintiffs' lot about a foot west of the property line, but the garage built on defendants' property was placed 20 feet or more east of the existing driveway facing west, and was made accessible by an extension connecting with the old driveway. This resulted in a situation where plaintiffs could not leave a vehicle in the driveway into their garage. Shortly after plaintiffs acquired their property the parties began having trouble over use of this driveway. Defendants claimed ownership of the driveway to plaintiffs' exclusion and, following a period of mutual recriminations and hard feelings plaintiffs had a property survey made, establishing that 5½ feet of the driveway was upon their property. Since plaintiffs did not need to use defendants' property in order to have a sufficient driveway upon their property, they sought injunctive relief to enjoin defendants from using any part of the driveway laying upon plaintiffs' property, or from interfering with plaintiffs' plans to fence along their property line.

Defendants answered alleging open notorious use of the common driveway by owners and occupants of the premises since 1923, and plaintiffs' recognition of the common driveway since their ownership and occupancy, and that a mutual easement existed in the use thereof. Defendants asked that plaintiffs be denied relief and that plaintiffs unreasonable use of the drive (i. e., parking vehicles so as to block defendants) be enjoined; both plaintiffs and defendants, and their successors in title, be permanently enjoined from unreasonable use or obstruction of the drive, or from any acts interfering with normal use of the driveway as a common means of access between front and rear of the properties.

Plaintiffs' reply denied recognition of the driveway as common or joint and alleged defendants claimed full ownership; no necessity required defendants to traverse plaintiffs' property since there was ample space upon east side of their own lot to construct a driveway; no easement by necessity or implication had been created upon their property.

At the hearing on plaintiffs' application for temporary injunction the parties agreed to submit the matter on the merits on application for permanent injunction. It was stipulated that this was private property, not dedicated to public use; there was no easement of record relative to use of the

driveway by owners or occupants of the properties; the alley having been closed, there was no means of access to either property from the rear; adequate space existed on the east side of defendants' lot to permit construction of a driveway leading to the garage at the rear of their property; there had never been any unity of title in the two residences.

At the trial there was considerable testimony from both sides relative to unreasonable use, interference with and obstruction of the common driveway by all of the parties. The pertinent facts have been enumerated heretofore making a narrative statement of the evidence unnecessary, other than to point out that the evidence reflects a complete lack of neighborly courtesy, or any effort to evolve a friendly or satisfactory solution of the problem.

At the close of the evidence the court recognized defendants' failure to establish an easement based upon necessity, and pointed out that the matter resolved itself into a pure legal question of whether an easement had arisen out of the joint and mutual use over the long period of years. The case was submitted to the trial court upon written briefs. At a subsequent hearing, having considered the matter at length, the trial court stated he was of the opinion the rule announced in Cookson v. Duke, 206 Okl. 336, 243 P.2d 706, was decisive of the issues involved; that the evidence showed defendants' continuous use of the driveway for more than the 15 year prescriptive period, which use had ripened into a prescriptive easement. Judgment was rendered against plaintiffs and in favor of defendants upon their cross petition, but the injunction against any unreasonable use of the driveway was entered against both plaintiffs and defendants, and made permanent as to them and their successors in title.

The basis of plaintiffs' argument for reversal of the judgment rendered is that before a prescriptive easement can be laid upon a person's property all requisite elements for creation thereof, as defined by law, must affirmatively be established. The argument is that an easement for a private roadway can arise (in this state) in only three ways:

1. A definite grant.

2. Implication coupled with user and way of necessity based upon the presumption of a grant.

3. Adverse possession, otherwise known as prescription.

There was no showing of a definite grant. The trial court expressly rejected consideration of a way of necessity, since the evidence showed defendants had another means of ingress and egress. Neither was consideration given to any claim of an easement by implication, inasmuch as it was affirmatively disclosed that no unity of ownership in the two properties ever had existed. See 17 Am.Jur., Easements, Sec. 32 et seq.; Haas v. Brannon, 99 Okl. 94, 225 P. 931; Gorman v. Overmyer, 199 Okl. 451, 190 P.2d 447.

The sole question remaining for consideration is the propriety of the trial court's adjudication that defendants had acquired an easement in the driveway over plaintiffs' property by prescription. Plaintiffs admit that prior to 1936 this driveway served a common garage and so was, in truth and in fact, a way of necessity, giving each property an easement by consent over the property of the other. But, they point out that subsequently the necessity ceased, the location of defendants' garage having been changed, and defendants having another means of access available upon their property. Upon this basis plaintiffs urge application of the rule laid down in such cases as Weston v. Whitaker, 102 Okl. 95, 226 P. 1034, and more recently in Griffin v. Dwyer, 181 Okl. 71, 72 P.2d 349, wherein paragraph 1 of the syllabus states:

"An easement, which is granted for a definite purpose, is extinguished when the purpose, reason, and necessity for which it was granted has ceased."

The trial court based this judgment squarely upon our decision in Cookson v. Duke, supra. Plaintiffs contend the correct rule applicable to the present situation, is that enunciated in Wilp v. Magnus, 204 Okl. 448, 230 P.2d 733. To substantiate their argument an effort is made to distinguish between the facts in the Cookson case, supra, and those reflected by the present

record. In attempting such differentiation plaintiffs' analysis is predicated upon the fact of the alteration of the use of the common driveway in 1936 by destruction of the common garage; and they point out that in the Cookson case there had been a unity of ownership, the driveway was at all times a way of necessity, and that the driveway was a permanent and obvious easement, rather than a driveway no longer needed because of the changed conditions apparent in the present case.

However, the evidence is uncontroverted that, following the change made by demolition of the common garage, defendants uninterruptedly continued the use of the common driveway. The altered use relied upon by plaintiffs after 1936, (i. e. removal of the common garage which this driveway served) effected no change in use of the driveway. The evidence clearly established positive and continuing use of such facility by defendants during all the years from 1923 down to and after plaintiffs' acquisition of their property, and also that a common or joint use was made by those who occupied plaintiffs' property before they purchased same. For this reason the rule in Wilp v. Magnus, supra, relied upon by plaintiffs, cannot be decisive herein, since there the duration of the period relied upon to establish the prescriptive right to the easement was far short of the required 15 years.

Our decision in the Cookson case, supra, follows the reasoning set forth in Johnson v. Whelan, 171 Okl. 243, 42 P.2d 882, 98 A.L.R. 1096, which has been cited with approval numerous times. See Thompson v. Schappert, 229 Iowa 360, 294 N.W. 580; Plaza v. Flak, 7 N.J. 215, 81 A.2d 137; Metz v. Betzner, 77 Ohio App., 320, 67 N.E.2d 651; Tucker v. Poch, 321 Mass. 321, 73 N.E.2d 595, and Jacobs v. Brewster, 354 Mo. 729, 190 S.W.2d 894. The underlying theory of all of these cases is that where the party claiming an easement has been in visible, continuous and unmolested use, thereof, inconsistent with the rights of one claiming the servient estate, then such use is presumed to be under a claim of right and adverse to the servient owner, and places upon him the burden of establishing that the use was not adverse but was in fact permissive only. There is no evidence offered in the present case to rebut the presumption defendants' use was adverse and not permissive.

We are of the opinion the trial court was correct in applying the rule of law relied upon and the judgment rendered is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL and WILLIAMS, JJ., concur.