**SPELLMAN et al. v. SHERRY.**

No. 26417.    Sept. 14, 1937.

Rehearing Denied Oct. 19, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 2, 1937.

joining landowner, asserting that by leasing her first floor storeroom to a plumber and electrician and the second story to a noisy lodge, she had created continuous nuisances. The district court sustained a demurrer to plaintiffs' last amended petition and dismissed the action.

For reversal plaintiffs assert that the following facts pleaded in the last amended petition are sufficient to give rise to a cause of action.

Plaintiffs own lot 11 and defendant lot 10 in the same block, upon which is a two-story building. The building was erected in 1896 under a common plan of construction so that each owner would have a ground floor suitable for mercantile rental. The building was to have, and does have, a common stairway, one-half on each lot, and a common hallway on the second floor. The common plan, design, and agreement of the owners included the completion of the second story as a rooming house and office building, and the building was so used for 35 years.

Eighteen years ago plaintiffs bought lot 11 and have occupied their portion of the upper story as a residence and rooming house. They have rented their ground floor room to a grocery store. Six years ago the defendant leased her storeroom to the plumber and electrician, who have, plaintiffs say, allowed noxious gases and fumes so to permeate the building as to injure and endanger the health of plaintiffs and to cause their roomers to go elsewhere. As to the second floor, it is alleged that it has been converted by defendant into a sort of lodge hall and meeting place for a post of the Veterans of Foreign Wars, who keep late hours and make noises in the hall and common stairway. Further allegations are made that these uses of the portion of the building on defendant's lot constitute a nuisance and a departure from the original contract and agreement, and the purposes of the building as shown by the long continued use thereof.

The reciprocal rights arising from a situation where a building is constructed on lots owned by different owners is stated by this court in Waken v. Gillespie, 153 Okla. 78, 4 P. (2d) 1028:

"Where a building has been constructed on two lots, and thereafter, while the building remains on the two lots, one of the lots is sold by the owner, the purchaser takes the same with all the benefits existing, though those benefits impose a burden on the other lot; and he also takes the

Cox & Cox, for plaintiffs in error.

Springer & Hervey, for defendant in error.

GIBSON, J. This case involves the rights of landlords owning adjoining buildings with a common stairway and second-story hallway between. The plaintiffs sought damages from and injunction against their ad

same with all the burdens that exist on the lot that he has purchased, the benefits and burdens which are open and visible and which exist at the time of the sale being reciprocal, and neither owner has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts."

We think it clear that the only open and visible benefits and burdens existing at the time of sale herein were the common stairway and hall. The pleadings show that each owner had the right to use his or her portion of the upstairs as a separate and distinct part—the upstairs was not operated jointly as a rooming house, but each operated his or her own part of the upstairs, free from control by the other.

Certainly we cannot say that a lodge of the Veterans of Foreign Wars is ordinarily expected to become a nuisance. Nor is a plumbing or electrical shop ordinarily a nuisance. Unless so, the landlord is not liable for the acts of the tenants.

"The rule of law on the subject, as laid down, both by the English courts and those of the United States, is that to bring liability home to the owner of real property, the nuisance must be one which is in its very essence and nature a nuisance at the time of the letting, and not something which is capable of being thereafter rendered a nuisance by the tenants, or, as it has been said, it must be a normal one." 16 R. C. L., par. 593, p. 1074.

We need not inquire what remedy plaintiffs may have against the tenants, since the action was dismissed as to them, leaving the landlord as sole defendant. Since she has done only what she had a right to do, there is no liability against her. The demurrer was properly sustained.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, HURST, and DAVISON, JJ., concur. RILEY, J., absent.