CURRY et al. v. SOUTHWALL CORPORATION.

No. 31002. June 8, 1943.

*138 P. 2d 528.*

G. C. Spillers and G. C. Spillers, Jr., both of Tulsa, for plaintiffs in error.

Steele & Daugherty, of Tulsa (Chas. A. Steele, W. A. Daugherty, and George S. Downey, all of Tulsa, of counsel), for defendant in error.

RILEY, J. The Southwall Corporation, as plaintiff in the trial court, obtained a judgment against the defendants, who appear here as plaintiffs in error, quieting title to an easement over a part of lot 16 in block 4, T.T.T. addition to the city of Tulsa. Lot 16 is owned by Frank Z. Curry and wife. As to the adjoining lot 17, the Southwall Corporation is successor in title to Joseph A. West, who in the year 1935 obtained a warranty deed from Frank Z. Curry and wife and another warranty deed from H. Lewis Curry and his wife. The latter deed expressed as one of the considerations a release from personal obligations of grantors on a note secured by a mortgage in the sum of $3,000, and the former deed expressed as part of the consideration the release of the grantors and H. Lewis Curry from said personal obligation. The mortgage was in process of foreclosure when the deeds were executed and delivered.

About the year 1922 there was erected upon the rear end of lot 17 a two-

story building and a rear stairway and a second-floor porch, and a ground-floor lavatory extended over on the west 15½ feet of the south 7.7 feet of lot 16. Frank Z. Curry consented to that use of his lot. According to the testimony of Frank Z. Curry, lot 17 was owned by the Tulsa Oil & Investment Company, and H. Lewis Curry, the son of Frank Z. Curry, owned the Tulsa Oil & Investment Company. The father managed the property and claimed ownership of it for the purpose of establishing credit to himself.

The trial court in its judgment recited that the easement did not arise by way of necessity but by virtue of an implied grant arising from the warranty deeds executed by the defendants.

The rule of law underlying the judgment is stated in 17 Am. Jur. 945. It invokes the presumption that the parties contracted with reference to the condition of the property at the time of the sale, that the grantors intended to convey a right to use the quasi easement, and that the grantee reasonably expected to take and hold such right. The doctrine rests upon exceptions to the rule that written instruments speak for themselves, and this doctrine is well recognized in Oklahoma. Spellman v. Sherry, 181 Okla. 174, 72 P. 2d 793; and Waken et al. v. Gillespie, 153 Okla. 79, 4 P. 2d 1028.

In the decision last cited this court held:

"Where a building has been constructed on two lots, and thereafter, while the building remains on the two lots, one of the lots is sold by the owner, the purchaser takes the same with all the benefits existing, though those benefits impose a burden on the other lot; . . ."

Such an easement derives its origin from a grant and cannot legally exist where the owner of the land over which it is claimed was never seised of both tracts of land. 17 Am. Jur. 948, § 34.

Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent, and apparent nature from the other, and sells one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. 28 C. J. S. 687.

Unity of title is generally considered an essential element of the doctrine, and while unity of title is denied and sought to be avoided by plaintiffs in error, Frank Z. Curry having testified that he did not and never had owned lot 17, nevertheless, according to the testimony, he exercised dominion over it, received a valuable consideration as to it, and executed a warranty deed conveying that lot.

Estoppel by deed is relied upon to supply the element of unity of title. In Nickel et al. v. Janda, 115 Okla. 207, 242 P. 264, this court held:

"Deeds are solemn instruments and it is right to suppose that what is stated in a deed represents the true state of things, and equity, justice, and good conscience require no more than that a party to such an instrument should be precluded from contradicting it to the prejudice of another person when that other, or a person claiming through or under him, has been induced to alter his position on the faith of the instrument."

A grantor is generally estopped from denying the title of his grantee or his own authority to sell. The rule is frequently stated in the broad language that a grantor of land with full covenants of warranty is estopped to claim any interest in the granted premises. 19 Am. Jur. 606.

The deeds of plaintiffs in error not only should preclude them from asserting an interest in the granted premises, but as well they should be barred from any right in derogation of the deeds. 19 Am. Jur. 603.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.