JACKSON v. NOBLE.

No. 34570.    Jan. 29, 1952.

Rehearing Denied March 11, 1952.

Application for Leave to File Second Petition for Rehearing Denied May 6, 1952.

*243 P. 2d 735.*

J. C. Cornett, Pawhuska, for plaintiff in error.

Jesse J. Worten, Jr., Pawhuska, for defendant in error.

PER CURIAM. This action was commenced by Eula M. Jackson, plaintiff, the owner of lot 16 in block 10, Original Townsite, Fairfax, Osage county, Oklahoma, on April 13, 1949, against Alva Noble et al. (Noble owned lot 15 in block 10, Original Townsite, Fairfax, Osage county, Oklahoma). The petition of plaintiff does not give the name of the defendants other than Alva Noble. The name of John Livingston Hall appears as a defendant in the answer of Alva Noble; however, no service was obtained upon Hall and he filed no pleadings, and the action proceeded to trial only as between the plaintiff, Eula M. Jackson, and the defendant, Alva Noble.

Plaintiff in her petition sought to quiet title to a part of lot fifteen (15) in block ten (10) of the Original Townsite of Fairfax, Osage county, Oklahoma, upon which a concrete driveway and a garage and a small frame building were located. In her petition plaintiff claimed title by adverse possession for more than fifteen years; however, in her reply plaintiff stated that if she did not have a prescriptive title that she had an easement on that portion of lot 15 upon which the small frame

building, the garage and the driveway were built. The plaintiff abandoned the theory of title by prescription in the trial court, and the case was tried on the theory of whether plaintiff had an implied or quasi easement to the portions of lot 15 involved.

Judgment was rendered in favor of the defendant that Eula M. Jackson, plaintiff, had no right, title or interest to that portion of lot 15 on which the garage, the small building and a portion of the driveway were situated. Defendant's title was quieted to all of lot 15, and the plaintiff was ordered to remove the garage and shed which encroached upon lot 15 within 30 days from July 18, 1949. Plaintiff filed motion for new trial, which was overruled, and plaintiff gave notice of appeal and the appeal was duly lodged in this court.

From the testimony it appears that one Millie Haggart was the owner of lots 15 and 16 in block 10, Original Townsite of Fairfax, Oklahoma, from October 8, 1917, until October 29, 1934, at which time she conveyed lot 16 to Webb E. Haggart and lot 15 to Clair A. Haggart. Sometime in 1922, or the first part of 1923, the exact date not being given, the driveway and garage and the other outbuilding were constructed. Apparently the house on lot 16 was built and then later the house on lot 15 was built, and then the driveway and garage and the outbuilding in question were constructed for use in connection with the house on lot 16. The Noble house had a driveway on the south side of it and a garage that served both the Noble property and the Elliott property that laid south of it.

The driveway and garage and the outbuilding involved here were definitely built to serve lot 16, and when they were built they did encroach upon lot 15 for some distance, the exact number of feet or inches not appearing definitely. The driveway was a two ribbon concrete driveway and the south ribbon and approximately half of the garage and the outbuilding encroached on lot 15.

Millie Haggart owned both of the lots at the time the driveway, garage and outbuilding in question were constructed. The driveway, garage and outbuilding were constructed after the house on lot 15 was built and from the evidence it appears that it was reasonably necessary in the construction of the driveway, garage and the outbuilding that a part of them should be on lot 15. In our opinion, the Haggarts intended to use a portion of lot 15 for the construction of the driveway, the garage and the outbuilding, and under the evidence we think that those portions of lot 15 so used were necessary to the reasonable enjoyment of lot 16. The improvements were of a permanent nature; they were intended to be continuous, and it was evident that the portions of lot 15, upon which these improvements were constructed, were used for the benefit of lot 16.

Under these circumstances, we think that the plaintiff herein has a quasi or implied easement in those portions of lot 15 upon which the driveway, garage and the frame building in question were constructed, and is entitled to have her title quieted to an easement to those portions of lot 15, block 10, in the Original Townsite of Fairfax, Osage county, Oklahoma, upon which the driveway, the garage and the frame building were constructed and upon which they now stand.

In the case of Curry v. Southwall Corporation, 192 Okla. 590, 138 P. 2d 528, it was held that where the owner of adjoining lots so employs one of them that the other derives continuous, permanent, and obvious benefit from first lot and sells lot in favor of which such quasi easement exists, such easement, being necessary to reasonable enjoyment of property granted, passes to grantee by implication.

The case of Gorman v. Overmyer, 199 Okla. 451, 190 P. 2d 447, presents a

somewhat similar situation. The first syllabus in that case reads:

"Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent and apparent nature from the other, and sells the one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication."

We believe these two cases control the case at bar.

The case is, therefore, reversed and remanded, with directions to the trial court to enter judgment in favor of the plaintiff, quieting her title to an easement to those portions of lot 15, block 10, Original Townsite, Fairfax, Osage county, Oklahoma, upon which the driveway, the garage and the frame building are constructed.

This Court acknowledges the services of Attorneys A. W. Gilliland, J. I. Gibson, and C. E. Hall, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.