Eunice M. JOHNSON and George Elliott Johnson, Plaintiffs in Error,

v.

Helen G. YOUNG, Defendant in Error.
No. 38536.

Supreme Court of Oklahoma.
Feb. 16, 1960.

Edgar L. Lonas, Oklahoma City, for plaintiffs in error.

Burton, Jones & Sasser, Russell G. Jones, Lawton, for defendant in error.

HALLEY, Justice.

The parties will be referred to as in the trial court.

The plaintiff purchased the Southwest Quarter of Section Twenty-seven, Township Two North, Range Eleven West in Comanche County, Oklahoma, at public auction from Clarence R. Miller, a single man. She obtained a warranty deed dated June 30, 1958. Clarence R. Miller acquired this land from his mother, Mary A. Miller, in 1923. She had received it from her husband, Henry J. Miller, who was the original patentee from the United States.

The defendant, Eunice M. Johnson, was the wife of George E. Johnson. She and her husband were the lessees in a preference right lease from the Commissioners of the Land Office of Oklahoma on the Northeast Quarter of Section Thirty-three, Township Two North, Range Eleven West in September, 1933. On the 12th of that month, Mrs. Johnson and her husband entered into an agreement with Mrs. Mary A. Miller which was termed "Water License." Later Mr. George E. Johnson died and his son George Elliott Johnson succeeded him as a lessee with his mother, Eunice M. Johnson, in the preference right lease.

The plaintiff's land is the quarter section immediately north and east of the quarter section the defendants have leased.

This "Water License" entered into by the widow, Mary A. Miller and Eunice M. Johnson and her husband was an agreement

whereby water from an artesian well on the premises occupied by the Johnsons could be piped to the land of Mrs. Miller for use on that tract at the residence and outbuildings situated thereon. Provision was made in this agreement, should the well stop flowing, for the installation of a pump and the division of expenses. This "Water License" was filed and approved by the Commissioners of the Land Office.

Soon after the plaintiffs obtained the deed to the land they purchased from Clarence Miller, the water to their premises was cut off and this suit was brought.

The expense of drilling this artesian well was borne by Joe Miller, a son of Mary A. Miller and he was also the brother of Clarence Miller.

We set out the provisions of the agreement which we think are pertinent:

"Now, Therefore, the said lessors in consideration of said payments of money advanced toward the expense of drilling said artesian well on said school tract, and of the covenants and agreements hereinafter contained, on the part of the lessee to be paid, kept and performed, have granted, demised, leased and let, and by these presents do grant, demise, lease and let, unto said lessee, so much of said school tract above described as shall necessarily be required for the laying of a water pipe line from the premises of the said Mary A. Miller, a widow, direct to said artesian well on said school land tract, together with the right of ingress and egress thereon and with the right to connect with said artesian well and use from the waters produced therefrom, delivered through said pipe line from said school land tract to the premises of lessee, as hereinbefore described.

"This Lease shall be for a term of twenty years and as long as water shall be produced therefrom in quantities sufficient for domestic or other purposes.

\* \* \* \* \* \*

"Should Said Well cease to flow, it is understood and agreed that the parties hereto, their heirs, or assigns, will install at said well, proper pumping equipment to continue the production of water from said well, the expense of the installation of the necessary pumping equipment, and the operation thereof shall be equally borne by the parties hereto.

"It Is Expressly Understood and Agreed that this lease shall be binding upon the parties hereto, their heirs, executors, administrators and assigns."

The record shows that George Elliott Johnson took the place of his father in the preference right lease and had full knowledge of the agreement in regard to the "Water License" entered into by his father and mother with Mary A. Miller.

There was no evidence that the water was ever stopped before for any period of time prior to plaintiff's purchase of the Miller quarter section.

Since the plaintiff purchased the land formerly owned by Mary A. Miller from her son who had acquired it from her, the plaintiff is entitled to all rights that Mary A. Miller had to the water.

The defendants argue that they did not estop themselves by their conduct from denying the existence of a valid water license. We think that is immaterial here because Eunice Johnson together with her husband executed the agreement whereby Mrs. Miller obtained an easement to take water from the land on which Mrs. Johnson was a preference right lessee along with her husband. Since the Commissioners of the Land Office approved this easement called a "Water License", certainly in so far as the defendants are concerned Mrs. Miller had an easement to take water from the school land quarter as long as it was occupied by Mrs. Johnson and her husband or her husband's heirs, successors or assigns. 60 O.S.1951 § 49, provides:

"The following land burdens or servitudes upon land, may be attached

to other land as incidents or appurtenances, and are then called easements:

\* \* \* \* \* \*

"5. The right of taking water, wood, minerals and other things."

In the fourth paragraph of the syllabus in Buttrill v. Stanfield, 198 Okl. 374, 178 P.2d 889, we said that an easement is a legal property right transferable with the real estate to which it is appurtenant, whether mentioned in the deed or not, and will support an action to quiet title.

Since George Elliott Johnson stepped into his father's shoes, as a preferred rights lessee he took his interest in the lease subject to the agreement of his father and mother with Mrs. Miller. He knew that Mrs. Miller and her grantee had taken the water from the leasehold since 1933 and knew of the "Water License" agreement.

We have held that a holder of a school land certificate having a preference right to buy the land has an equitable estate in the option. Clark v. Frazier, 74 Okl. 141, 177 P. 589. The defendants had the right to burden whatever estate they had with an easement.

■ This "Water License" was clear and unambiguous and the trial court committed no error in refusing to admit oral testimony as to its meaning.

We see no merit in the defendants' contentions that the agreement had expired by the passing of twenty years because the contract itself said that the lease should continue "as long as water shall be produced in quantities sufficient for domestic or other purposes." The evidence showed that the well was still producing.

The trial court was correct in enjoining the defendants from interfering with the flow of water to plaintiff's property and its judgment is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and BERRY, JJ., concur.