Fannie O. BOUCHERIE, Plaintiff in Error,

v.

George S. GARRETTE and Anna B. Garrette, husband and wife, Defendants in Error.

No. 39248.

Supreme Court of Oklahoma.

Nov. 21, 1961.

Thomas A. Bamberger, Oklahoma City, for plaintiff in error.

John L. Garrett, Oklahoma City, for defendants in error.

HALLEY, Justice.

Parties will be referred to as in the lower court.

The plaintiff owns Lots 29 and 30, Block 22, Terrace Lawn Addition to Oklahoma City. The street number for the house on these lots is 627 Southeast 19th Street. The plaintiff's husband owned a one-third interest in these lots prior to his death and occupied the property as their homestead. The plaintiff inherited that interest from her husband on his death and she acquired the outstanding interest after her husband's death.

The defendants purchased Lots 27 and 28, Block 22, of the same addition, from the plaintiff's husband prior to his death. Plaintiff joined in this deed. The street number for the house on these two lots is 625 Southeast 19th Street. The lots are all 25 feet in width and face south. The defendants' lots are immediately west of plaintiff's. Both houses are rented to tenants. The judgment by the trial court was for the defendants.

The dispute giving rise to this suit arose out of the use of a driveway by defendants' tenant which is between the houses at 625 and 627 Southeast 19th Street. The driveway consists of two slabs of concrete that starts on the north side of 19th Street and goes north to a building used as garages. This type of driveway is sometimes referred to as the ribbon type. At the street the entrance to the driveway is partly on plaintiff's property and partly on defendants'. The plaintiff contends that the entire driveway is on her property. The defendants thought a part of it was on their property but the testimony of the surveyor showed that only at the front and at the building sometimes used as garages was it on defendants' property. The driveway had for many years been used by the tenants of both houses. It appeared that the fences erected between the houses on the north side of the street in this six hundred block stood three to four feet to the east of the correct line. The fence lines had been treated by the owners of these lots as the dividing line between properties.

The plaintiff maintained she was entitled to have her title quieted to the land on which the driveway was situated and judgment prohibiting the defendants and their tenants from using the driveway. The defendants contended that the driveway was half on their property and that the plaintiff's husband so represented the ownership but that under any circumstances that they had a quasi or an implied easement to use the driveway acquired when they bought the lots.

From the surveyor's testimony it is plain that the driveway is for the most part on the plaintiff's property but at the point the driveway flares out to get in that part of the garage that is really a lean-to it is partly on the defendants' property. To us it is quite clear that the Boucheries thought that the driveway was partly on Lot 28 and partly on Lot 29 and that the right to use the driveway was conveyed to the defendants. Although the title to all the interest in Lots 29 and 30, Block 22, Terrace Lawn Addition was not in the Boucheries when they conveyed to the defendants, the plaintiff did acquire the entire interest in these two lots after her husband's death.

■ The plaintiff's husband and the plaintiff certainly did not intend to keep the land that a part of the house to the west sat on as theirs when they sold to defendants. They were aware of the use of the driveway by the defendants and their tenants. We are forced to the conclusion an easement in favor of the defendants for

the use of the driveway must be implied. The defendants thought they were getting an easement to use the driveway and Boucherie thought he was selling an easement to them. We think that the trial judge was fully justified in entering judgment for the defendants on the strength of Jackson v. Noble, 206 Okl. 411, 243 P.2d 735. The fact that in this case just cited a part of the driveway was on the grantor and a part on the lot granted does not make the case so different from the one at bar that it constitutes no authority here. We reiterate, in our opinion, the Boucheries intended at the time they sold to the defendants that the defendants and their tenants should have the use of the driveway in getting to the rear of their property and to the lean-to garage on the lot.

We said in the first paragraph of the syllabus in Jackson v. Noble, supra:

"Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent and obvious nature from the other, and sells the one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication."

We also think that the cases of Curry v. Southwall Corp., 192 Okl. 590, 138 P.2d 528 and Gorman v. Overmyer et ux., 199 Okl. 451, 190 P.2d 447, sustain the defendants' position here.

The point is made by the plaintiff that the defendants could erect a driveway on the west side of their property. This is true but it would be expensive as the lot to the west was higher off the street so more excavating would have to be done. We held in Keller v. Fitzpatrick et ux., 204 Okl. 192, 228 P.2d 367, 368:

"The necessity requisite to the creation of an easement by implication is not an absolute necessity, a reasonable necessity being sufficient."

After a complete study of the record and briefs we are of the opinion that the trial court should be affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.