Carl A. TANGNER, Jr., Plaintiff in Error,

v.

Robert L. BRANNIN and Virginia L. Brannin, Defendants in Error.

No. 39805.

Supreme Court of Oklahoma.

April 30, 1963.

Ernest R. Brown, Pryor, for plaintiff in error.

Tony Jack Lyons, Pryor, for defendants in error.

WELCH, Justice.

The parties will herein be referred to as they appeared in the trial court. Plaintiffs and defendant own adjoining business buildings in the town of Langley, Mayes County, and this issue arises out of the fact that the eave of the roof of defendant's building overhangs his property line so that water is discharged onto plaintiffs' property allegedly causing deterioration and damage to plaintiffs' building and furniture therein.

We will first consider defendant's contention that plaintiffs can have no recovery because defendant has an easement to use the overhanging eave.

Defendant urges that an implied easement existed in favor of lot 6 to maintain an eave of the roof beyond the boundary between lot 6 and lot 5 from which roof-eave rainwater was discharged upon the roof of plaintiffs' building. In considering this contention we observe that the evidence showed that plaintiffs' building on lot 5 was constructed in 1949 or 1950, while said lot was owned by "the Richardsons" who also owned lot 6 on which the "show building" had earlier been built. Lot 5 was sold by "the Richardsons" to plaintiffs'

predecessor in title in the year 1954. Lot 6 was conveyed by the Richardsons to the defendant in the year 1956. Defendant's proposition is that the condition of the roof-eave of the "show building" extending some sixteen inches across the lot line from which rainwater would fall onto lot 5 was apparent, visible and necessary at the time the common owner of lots 6 and 5 parted with title to lot 5 and an easement by implication was reserved by the theretofore common owner of the two lots in favor of the reserved lot 6 for the purpose of construction of the extending eave and the discharge of rainwater therefrom.

To counter such contention plaintiffs allude to a provision in the warranty deed, by which the Richardsons conveyed, which provided for a party wall as showing grantor well-versed in land transactions and if an easement had been intended to be reserved, the deed would have surely so stated.

A deed may, of course, grant or reserve an easement and the instrument should be so construed as to carry out the intention of the parties. But an easement may be implied also and the intention of the parties is determined by all the facts and circumstances in order that effect may be given to the apparent intent. An implied easement is based upon the theory that whenever one conveys property he includes in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained.

In Curry v. Southwall Corporation, 192 Okl. 590, 138 P.2d 528, this court said of implied grants:

"* * * The doctrine rests upon exceptions to the rule that written instruments speak for themselves, and this doctrine is well recognized in Oklahoma. Spellman v. Sherry, 181 Okl. 174, 72 P.2d 793; and Waken et al. v. Gillespie, 153 Okl. 78, 79, 4 P.2d 1028."

In the case of Jackson v. Noble, 206 Okl. 411, 243 P.2d 735, an owner of adjoining

lots had sold them to different grantees. Part of the improvements serving one of the lots protruded on the other. We reversed a judgment of the trial court that quieted title in the owner of the servient lot to the portion over which the disputed contention arose.

■ We there upheld the right of the owner of the dominant lot to use the implied easement on the ground that it was necessary to the reasonable enjoyment of the property. Our decision in that case was followed in the later case of Boucherie v. Garrette, Okl., 366 P.2d 763, the first syllabus thereof being:

"Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent and obvious nature from the other, and sells the one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication."

In Waken et al. v. Gillespie, 153 Okl. 78, 4 P.2d 1028, we in effect said that grants by implication, and implied reservations stem from the same rule and the same equitable principles. We said in the body of such opinion:

"* * * if instead of a benefit conferred a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with a servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts. * * *"

In Keller v. Fitzpatrick, 204 Okl. 192, 228 P.2d 367, this court cited with approval Berlin, et al. v. Robbins, et ux., 180 Wash. 176, 38 P.2d 1047, wherein it was said:

"* * * Appellant must have been fully apprised of the situation when she purchased the servient tenement; hence she may not now successfully urge that the easement was not open and visible and that its purpose was not apparent."

There is ample evidence in the case at bar indicative of knowledge by the plaintiffs of the servitude of the property he purchased. The existence of the party-wall clause in the deed by which plaintiffs acquired title to Lot 5 directed attention to the probability of an overhanging of the roof-eave. Ordinary observation would have confirmed it as a fact.

One of the defenses raised by the defendant was based on there being an implied easement reserved. This was supported by the evidence. The authorities called to our attention by the defendant in the second proposition of his brief seem to control the appeal in this case.

The case is, therefore, reversed and remanded with directions to the trial court to enter judgment in favor of the defendant.

In view of the foregoing conclusion it is unnecessary that we consider other propositions presented by the defendant pertaining, respectively, to allegations of error in the joining of causes of action and in the instructions, and to limitation of the right of cross-examination.

Reversed with directions.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.