1997 OK 143

**Willard L. WHITE and Diane R. White, Appellees,**

v.

**Harold GRACE and Alice Grace, Individually and as Husband and Wife, John Richard Gray and Leota Dean Gray, Individually and as Husband and Wife, and as Trustees of the Leota Dean Gray Living Trust; Helen E. Hayes and Thomas R. Hayes, Individually and as Husband and Wife, Appellants.**

No. 87117.

Supreme Court of Oklahoma.

Nov. 18, 1997.

Richard E. Butner, Butner & Butner, Wewoka, for Appellants.

Lawrence W. Parrish, Mathew J. Hudspeth, Okemah, for Appellees.

HODGES, Justice.

¶ 1 One issue has been raised for certiorari review: Does title 12, section 1141, of the Oklahoma Statutes, authorizing a prevailing party attorney fee award in quiet title actions if a written request for correction of a title defect has been refused without reasonable cause, apply to this matter? This Court holds that it does.

¶ 2 Willard and Diane White (purchasers) bought a five-acre tract in rural Okfuskee County. The land was completely surrounded by land owned by Harold and Alice Grace (surrounding property owners). Sole access to purchasers' "landlocked" tract was through a gated private road on the surrounding property. When the surrounding property owners locked the gate, purchasers requested in writing that they be allowed to use the road for ingress and egress to their tract. They were refused access.

¶ 3 Purchasers filed an action seeking an easement by prescription and necessity. The surrounding property owners counterclaimed alleging that they had acquired purchasers' five-acre tract by adverse possession. The trial court quieted title in purchasers and granted them an easement over the surrounding land.

¶ 4 Purchasers then moved for an attorney fee award pursuant to title 12, section 1141 of the Oklahoma Statutes which provides:

A. An action may be brought by any person in possession, by himself or tenant, of real property against any person who claims an estate or any interest therein adverse estate or interest, and such action may be joined with an action to recover possession of such real property by any person not in possession. The person or persons bringing such action shall not be required to allege the particular estate or interest claimed adversely by the person

or persons against whom the action is brought, but may allege that the defendants' claim is adverse to that of the plaintiffs.

B. *If a written request for the correction of a title defect has been refused without reasonable cause and an action is brought pursuant to the provisions of this section, the court may award reasonable attorneys fees to the prevailing party.*

. . . .

(emphasis added). The trial court awarded attorney fees to purchasers. Surrounding property owners brought an appeal only of the attorney fee award.

¶ 5 The Court of Civil Appeals reversed, concluding that, while section 1141 was the only statutory authority asserted for an attorney fee award, it did not apply to these facts. That court viewed the controversy as one involving merely "a way of necessity and the right of ingress and egress . . . to landlocked property," not a "title defect" as contemplated by section 1141. It concluded that the statute did not authorize an attorney fee award in such an action.

 ¶ 6 "Section 1141 of [t]itle 12 provides for prevailing party attorney's fees in the circumstances where a written correction of a title defect has been refused without reasonable cause and an action is brought." *Voiles v. Santa Fe Minerals, Inc.*, 911 P.2d 1205, 1213 n. 9 (Okla.1996). The Court of Civil Appeals' conclusion that this litigation did not involve a title defect is untenable. Purchasers filed this action to judicially establish an easement over the adjoining land. "An easement is a legal property right . . . and will support an action to quiet title." *Buttrill v. Stanfield,* 198 Okla. 374, 178 P.2d 889, 890 (1947) (Syllabus by the Court ¶ 4). Surrounding property owners' counterclaim asserted that they owned the entire five-acre tract by adverse possession. Thus, a controversy over title was properly before the court.

¶ 7 Purchasers submitted a written request to surrounding property owners for correction of the title defect. The trial court determined that the refusal to correct the defect was unreasonable. The record on ap-

peal supports the trial court's finding and surrounding land owners have not challenged that finding on certiorari review. Section 1141 applies to these facts and the trial court's award of attorney fees was correct.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; ORDER AWARDING ATTORNEY FEES AFFIRMED.

¶ 8 SUMMERS, V.C.J., and HODGES, OPALA, ALMA WILSON and WATT, JJ., concur.

¶ 9 KAUGER, C.J., and LAVENDER, SIMMS and HARGRAVE, JJ., dissent.