1998 OK CIV APP 29

1998 OK CIV APP 29

**Jerry DONATHAN, Plaintiff/Appellant,**

v.

**Marvin WAGEMAN and Donald Wageman, Defendant/Appellees.**

**No. 88864.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 24, 1998.

W.H. Layden, McAlester, for Plaintiff/Appellant.

Donald R. Hackler, McAlester, for Defendant/Appellee.

### OPINION

HANSEN, Judge:

¶ 1 Plaintiff, Jerry Donathan, filed this action in the trial court seeking a mandatory injunction to require Defendants to remove certain fences they had constructed on their property that crossed a section line dividing sections 11 and 14 from sections 12 and 13. He claimed by constructing these fences, Defendants had prevented him from using the section line to access his property from the north. He did not seek public access. Defendants answered, claiming the section line has never been opened as a public highway and is in fact almost impassable. They further point out Donathan has adequate access to his property from a public road on the south of his property. Defendants further filed a counterclaim seeking damages for trespass and damage to their property. The trial court heard the case and denied the injunction and Defendants' counterclaims. Donathan appeals to this Court. We reverse.

¶ 2 In reviewing cases of equitable cognizance, this court will examine the entire record and weigh the evidence and if the trial court's judgment is clearly against the weight of the evidence or contrary to law, the decree appealed will be reversed and this court will enter such judgment as should have been entered. *Webster v. Webb,* 1957 OK 120, 312 P.2d 467.

¶ 3 It is undisputed that there are several fences or barricades running either across or down the section line. Donathan purchased most of his property in May of 1995. About six months before trial, Donathan purchased another 5 acres from his uncle.

¶ 4 In 1993 when he was considering buying the property, he walked and drove a pickup on the section line. At that time he stated there were no fences in place. He also stated the road from the south is not always available for use.

¶ 5 Donald Wageman purchased his property in 1991. He stated the section line did not appear to be a passable roadway and that there were five fences across the section line at that time. He stated he did not see "any evidence of any such thing as a road because the fences all come in and tied hard to the—to keep the cattle from moving about." He further testified about standing water and rough terrain that he claims still prevents access from the north other than on foot. Marvin Wageman testified to essentially the same thing.

¶6 The trial court granted summary judgment to Defendants, declining to grant an injunction.[1] Donathan appeals to this Court arguing *Wells v. Webb*, 1989 OK 61, 772 P.2d 400, clearly requires reversal of the judgment. We agree.

¶7 Although the evidence supports Defendants' argument the section line is probably partially impassable, they do not explain to this Court why the law espoused in *Wells v. Webb* does not apply. They do not even attempt to distinguish that case.

¶8 *Wells v. Webb*, also involved a section line dispute. The parties were adjoining landowners. The dispute between the landowners developed as a result of a fence maintained across the parties' common section line by the appellee. As here, the appellant sought to enjoin the appellee from blocking the section line as a means of egress and ingress to his land. The Supreme Court reversed the lower court's denial of the injunction based on 69 O.S.1981 § 1201.[2] That statute provides:

All section lines in the state which are open and maintained by the Board of County Commissioners or the Department of Public Highways for public use are hereby declared public highways. *All section lines that are not so open and maintained for public use may, by resolution of Board, on petition of the owner or all the owners of the abutting land, after public notice and at the expense of petitioner, be designated 'reserved section lines' and are in full and complete control of the owner or owners of the abutting land until such time as the Board of County Commissioners, by resolution, stating imminent intended use* for public highway purposes and by ninety-day written notice to the owner or owners of the abutting land, revoke said 'reserved section lines' status. *Provided, however, that no section line may be placed in reserve status unless the full width of such section line is so treated and no fee owner shall be denied the right of ingress and egress to his land by virtue of this Act.* (Emphasis added)

¶9 As in *Wells*, there is no evidence in this case either that the county opened the section line or that Defendants have complied with the statutory procedures to reserve the section line to their full and complete control. Although a failure to do so does not automatically render the section line property open to undeclared public use, "the plain statutory dictate is that no fee owner shall be denied the use of an abutting section-line for purposes of ingress and egress to his land." *Wells v. Webb* at p. 401. This is not dependent on the condition of the section line.

¶10 Accordingly, the trial court erred in denying Donathan's petition for injunctive relief.

REVERSED AND REMANDED for further proceedings consistent with the views expressed herein.

BUETTNER, P.J., and ADAMS, J., concur.

---

1. The trial court also denied the counterclaims of both Defendants. Neither defendant appeals this portion of the judgment.

2. This statute remains unchanged in 69 O.S.1991 § 1201.