2006 OK CIV APP 51

Danny and Judy MAINKA, husband and wife; and, Michael and Sheila Mainka, husband and wife, Plaintiff/Appellants,

v.

Gaylon L. MITCHUSSON and Beverly J. Mitchusson, husband and wife; Charles Y. Mitchusson, Sr. and Eva G. Mitchusson, Trustees of the Charles Y. Mitchusson, Sr. Revocable Trust dated August 5, 2004; Charles Y. Mitchusson, Sr. and

Eva G. Mitchusson, Trustees of the Eva G. Mitchusson Revocable Trust dated August 5, 2004; Charles Y. Mitchusson, Jr. and Marcia J. Mitchusson; Ronald G. Mitchusson and Judith Mitchusson; Roy L. Sparks, as Trustee of the Roy L. Sparks Revocable Trust dated May 1, 1998 and Leda K. Sparks, as Trustee of the Leda K. Sparks Revocable Trust dated May 1, 1998, Defendant/Appellees.

No. 102,424.

Court of Civil Appeals of Oklahoma, Division No. 1.

March 29, 2006.

Jack Mattingly, Jr., The Mattingly Law Firm, P.C., Seminole, OK, for Plaintiff/Appellants.

Phil W. Gordon, Hays & Gordon, Chickasha, OK, for Defendant/Appellees.

Opinion by CAROL M. HANSEN, Judge:

¶ 1 This action involves the trial court's denial of Appellants' quest for an easement over Appellees' property in order to access a public road. Appellants are the owners of two tracts of land in Grady County. They operate DM Dozers, a business that includes building highways and bridges. Appellants use several large semi-tractor-trailer trucks to haul equipment from their business to job sites. They filed this action claiming they were entitled to an easement across Appellees' land on a section line that bisects Appellees' property, or in the alternative, an easement anywhere across the land. They want

844

the easement in order to avoid the inconvenient and impractical route their trucks now must take through the town of Bradley, Oklahoma. They alleged the requested easement was a part of an old county section line that ran through Appellees' property. They sought an easement by necessity or, in the alternative, an easement by implication.

¶ 2 Appellees answered denying the existence of an opened section line road through their property. They further denied such an easement was necessary for Appellants to operate their business in that Appellants already had reasonable access to their property. They have used the route through Bradley for about 20 years without damage to the roads in Bradley, or creating a nuisance to the property owners along the way. Following a bench trial, the court granted judgment for Appellees.

¶ 3 On appeal, Appellants argue they are entitled to use the section line as it may not be abandoned or vacated because it exists in former Indian territory, citing *Denton v. Board of County Commissioners of McClain County*, 1994 OK 42, 873 P.2d 1039. That decision involved county commissioners who had constructed a section line road which bisected the plaintiff's property. The property owner claimed the section line had been abandoned. The Supreme Court held because the section line went through Indian territory it could not be abandoned and gave judgment to the county. It held "section lines reserved by the Civilized Tribes Allotment Act cannot be abandoned or vacated." It quoted *Paschall Properties, Inc. v. Board of County Commissioners*, 1987 OK 6, 733 P.2d 878. "The Act contains no time constraints as to when these roads may be established and specifies that all subsequent purchasers are subject to the provision, having taken their title subject to it."

¶ 4 The sole evidence to support the existence of a section line road here is the testimony of one witness from Bradley who stated he recalled that about sixty years ago there was a road of some sort in the vicinity of the section line. A Grady County commissioner testified to the contrary. The com-

missioner stated the county had no intention of condemning Appellees' property in order to open a public road on the section line.[1] There was no indication the section line had ever been officially opened as a public road. Because it had never been opened, it could not have been considered as abandoned.

¶ 5 *Wells v. Webb*, 1989 OK 61, 772 P.2d 400, dealt with a dispute between two adjoining landowners. Therein, the appellant sought to enjoin the appellee from blocking a portion of a section line running through a portion of the appellant's property. The Court held that no fee owner should be denied the use of an abutting section-line for the purposes of ingress and egress to his land. It held though the appellant's land was not entirely land-locked, the portion of its forty acre tract was materially dependent upon use of the subject section-line which *in the past had served as a common roadway* though not a public highway. The testimony disclosed that entry to that portion of the appellant's tract was not otherwise possible in an automobile or even by tractor. The Court reversed judgment in favor of the appellee.

¶ 6 The facts in that decision differ from those in this appeal. Appellees admit there exists a section line through their property. However, as stated above, the evidence does not support the section line had ever been a public road. In addition, ingress and egress to Appellants' land is not materially dependent on use of the section line. Entry to their property is clearly possible through the alternate route they have used for years.

¶ 7 In *Burkhart v. Jacob*, 1999 OK 11, 976 P.2d 1046, the Court dealt with a road, already opened for travel. The appellant just wanted to improve the road to use it for commercial purposes. The Court held the fact the land in *Wells* was materially dependant on the section line, was merely one factor the Court considered in its decision. It was not controlling. But it did hold the use of the section line road by the appellant must be reasonable. It reversed a summary judgment in favor of the defendant.

1. Some Bradley homeowners signed a petition asking the county commissioners to open the section line as a public road. The commissioners denied the request.

¶ 8 Unlike the appellant in *Donathan v. Wageman*, 1998 OK CIV APP 29, 955 P.2d 759, Appellants here are asking for an easement across Appellees' land, rather than an injunction to prohibit the defendants from blocking an already existing road along a section line dividing the two adjoining properties. In *Donathan*, the parties agreed there was an alternate route of access, although the appellant contended it was not always available for use. The section line in the present case does not divide Appellants' and Appellees' properties and there is clearly always an available alternate route for Appellants to get to the public road.

¶ 9 The easement proposed by Appellants would bisect Appellees' land where their home, pond and cattle operation are located. Appellee Mitchusson testified there were power lines on or close to the section line. In order to build a road two rods wide,[2] the power lines would have to be moved. He testified his cattle operation could be jeopardized by a road across his property. He also felt it would interfere with security on the property, particularly at night.

 ¶ 10 The trial court found no necessity for the easement existed. It distinguished *Donathan* and *Wells* in that the section line in question did not divide the property of Appellant and Appellee. Appellee owns on both sides of the section line and Appellant only owned a small portion north of the section line. It also found Appellants' request for an easement by implication did not exist in that Appellants had never used any portion of Appellees' property. Where the owner of two or more adjoining lots employs one so that the other derives a benefit of a continuous, permanent and obvious nature from the other, and sells the one in favor of which the quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication. *Tangner v. Brannin*, 1963 OK 101, 381 P.2d 321. Clearly, the trial court was correct in finding no easement by implication.

 ¶ 11 The denial or award of an easement is an exercise of the trial court's equitable cognizance, and its order will be affirmed on appeal unless it is found to be against the clear weight of the evidence or contrary to law or established principles of equity. *Mooney v. Mooney*, 2003 OK 51, 70 P.3d 872. The decision of the trial court herein is neither against the clear weight of the evidence nor contrary to law or established principles of equity.

¶ 12 AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.

---

**2.** According to Appellees, the Act of Congress of April 26, 1906 required all section line easements to be 33 feet (2 rods) wide. Appellants were attempting to obtain a 66 foot wide easement in order to accommodate their trucks.